Fischesser *vs.* Thompson.

MARGARET E. FISCHESSER, plaintiff in error, *vs.* JOHN THOMPSON, defendant in error.

The application of a widow to the Ordinary for her twelve months' support out of the estate of her deceased husband, should be made by petition, in writing, and notice given to the representative of the estate, if there be one, and the order of the Ordinary should always recite the names of the persons notified:

*Held,* That when a judgment of the Ordinary, allowing to a widow her twelve months' support was presented in the Superior Court, claiming money as a debt of the highest dignity against the claim of a judgment creditor of the deceased, that it was competent for such judgment creditor to attack the judgment of the Ordinary, and that inasmuch as it was not recited in the order and judgment of the Ordinary that the representatives of the estate had been notified, and the

provisions of the law had been complied with, that the judgment of the Ordinary, allowing the widow her twelve months' support, was void as against the judgment creditor of her deceased husband, who had no notice of her application through the legal representatives of his estate or otherwise.   McCAY, Judge, dissenting.

An amendment to a former proceeding, had before the Ordinary, by an order *nunc pro tunc*, will only be allowed on petition, in writing, and notice to the opposite party in interest.   (R.)

Year's support.   Amendment *nunc pro tunc*.   Garnishment.   Pleadings before Court of Ordinary.   Before Judge ANDREWS.   Elbert Superior Court.   March Adjourned Term, 1871.

For the facts of this case see the opinion.

J. D. MATTHEWS, for plaintiff in error.

ROBERT TOOMBS, for defendant.

WARNER, Chief Justice.

This case came before the Court below on a motion to distribute money raised under a judgment against a garnishee who was indebted to J. B. Fischesser, deceased.   The judgment against the garnishee for $1,000, was rendered at the September Term of Elbert Superior Court, 1870.   The contest was between the judgment creditor of Fischesser and his widow, who claimed the money in Court under the judgment of the Ordinary of Oglethorpe county, allowing her $1,200 for her year's support out of the estate of her deceased husband, as a debt of the highest dignity.   On the hearing of the case, the Court below decided that the judgment of the Ordinary, allowing the twelve months' support to the widow was null and void, and refused the motion to pay the money over to her, whereupon the counsel for the widow excepted. The record of the proceedings and judgment of the Ordinary of Oglethorpe county was offered by the widow and read in evidence to the Court, by which it appears that on

the 4th day of June, 1869, the Ordinary appointed five commissioners to set apart twelve months' support for the widow
out of the estate of her deceased husband; that on the 28th
of July, 1869, the commissioners made their return, stating
that they had allowed the widow for her year's support the
sum of $1,200, which was filed in the Ordinary's office 21st
August, 1869, and recorded 24th February, 1870. It does
not appear on the face of the proceedings had before the Ordinary, that the application of the widow for her twelve
months' support was made by a petition, in writing, or that
any *notice* of such application was ever given to the executors of Fischesser.

On the 31st May, 1871, the Ordinary, at Chambers, ordered an amendment to be made to his former order, *nunc
pro tunc*, so that it should recite that due and legal notice of
the application for the twelve months' support had been given
to one of the co-executors of Fischesser, inasmuch as it was
omitted to have been recited in the first order by inadvertance. The facts, as disclosed by the record, present two questions for our consideration and judgment. First, whether the
judgment of the Ordinary, setting apart the twelve months'
support to the widow, as it was first made, was a valid judgment, under the laws of this State; and, second, if it was
not, whether the *nunc pro tunc* order of the Ordinary cured
it, and made the original judgment valid, as against the
rights of the judgment creditor, claiming the money under
his judgment. By the 2530th section of the Code, it is made
the duty of the Ordinary, on the application of the widow,
on *notice* to the representative of the estate, to proceed to appoint appraisers to ascertain and set apart a twelve months'
support for the widow and children of deceased testators or
intestates. The appraisers must make their return within
three months from the date of their action, to which return
objections may be filed, by any person interested, within six
months after filing the same in office, and if no objections are
made, or if made are disallowed, the Ordinary shall record

the return so made in a book to be kept for this purpose: Code, 2532. When all has been done which the law requires to be done, then the Ordinary may issue a writ of *fieri facias* against the representative of the estate for the amount awarded to the widow: Code, 2536; and has also power to enforce obedience to all *lawful* orders by attachment for contempt: Code, 4050.

We have seen that, by the 2530th section, the widow may make her application to the Ordinary for her year's support, on giving *notice* to the representative of the estate, if there be one. But in what manner is that application to be made? The 4043d section of the Code answers that question when it declares that, "Every application made to the Ordinary for the granting of any order, shall be by *petition, in writing*, stating the grounds of such application, and the order sought." This same section also declares that, if *notice* of such application is necessary, under the law, the Ordinary shall cause a copy of such application, together with a *notice* of the time of hearing, to be served by the sheriff, or some lawful officer, upon the party or parties to be notified, at least ten days before the hearing, and an entry of such service made on the original. The 4044th section declares that, the order of the Ordinary shall always *recite the names of the persons so notified*, and the compliance with the provisions required. There can be no dispute that, under the laws of the State, as the same are plainly written, that the widow, when she made application to the Ordinary for her twelve months' support out of the estate of her deceased husband, should have made that application by petition, *in writing*, and have *notified* the representative of the estate of such application. The executors of this estate were the representatives of the creditors thereof, and notice to them would have been notice to the creditors, but if no notice has been given to the executors, then the creditors have had no notice, and no opportunity allowed them to contest the widow's application for her twelve months' support; they have never had their day in Court as to that

matter, and it is now sought to bind them by a judgment, to which they were not parties or privies, and have had no opportunity to contest it before the Ordinary. The law is right as it stands, and was intended to provide against the extravagant allowance for a year's support to the widow, to the exclusion of the rights of creditors, and ought to be enforced, so as to prevent the absorbing of dead men's estates, in granting *unreasonable* amounts for the year's support of their widows and children.

In the year 1856, the General Assembly passed an Act making the Courts of Ordinary in this State, Courts of general jurisdiction, and it then became necessary to provide that all applications for the granting of any order should be by petition, in writing, and notice given in all cases where the law required notice, which is now required by the Code to be done. Although the Courts of Ordinary are declared to be Courts of general jurisdiction, still, the law requires that certain *material facts* shall always be recited in the orders and judgments of that Court. When it appears on the face of the record of a judgment of a Court of general jurisdiction that the Court had jurisdiction of the *person* and the *subject matter*, in the manner prescribed by law, then, the legal presumption is that everything was proved that was necessary to authorize the rendition of the judgment. The judgment of a Court having no jurisdiction of the *person* and subject matter, or *void for any other cause*, is a mere nullity, and may be so held in any Court where it becomes material to the interest of the parties to consider it : Code, 3536. The legal presumption is always in favor of the judgment of a Court of general jurisdiction, but if the record of a judgment of the Superior Court should be presented, and it appeared on an inspection of that record that there was no petition and process, requiring the defendant to appear in Court, and no service on the defendant, or waiver of service, and no notice given to him of the pendency of the suit, will it be pretended that such a judgment would be binding upon the

defendant therein?  The general presumption of the legality of such a judgment is rebutted by an inspection of the record, which the plaintiff himself offers, unless defendants are to be bound by judgments rendered behind their backs, without authority of law, and of which they have had no notice or opportunity to make their defense.

In the case now before the Court, the claimant offered the record of her judgment for her twelve months' support as the evidence of her right to the money, as against the judgment creditor of the testator, and the Court inspected the record of that judgment, and saw therefrom that she had not complied with the law, so as to entitle her to the judgment; that no notice had been given to the proper parties, inasmuch as the law required that the names of the persons notified should be recited in the order or judgment of the Ordinary.   The argument is, that the Court was bound to presume that all the requirements of the law had been complied with, when the record of the judgment before it plainly showed that they had not; in other words, that the Court was bound to presume against the plain facts of the case, as exhibited in the record before it.   The general legal presumption in favor of the judgment was rebutted by the record offered in evidence. It was clearly apparent on the face of the record of the judgment, that the application for the widow's twelve months' support was not made as required by the law, and no notice given as required by law, and the judgment creditor of Fischesser was not bound by it, he had never had his day in Court or the opportunity to have been there, when the judgment was rendered by the Ordinary, either by himself or the executors of the estate, who represented his interests therein.  To have authorized the Ordinary to take jurisdiction of the widow's application for her twelve months' support and award a legal judgment therefor, that application should have been made to him by petition, in writing, and *notice* thereof given to the executors of the estate, as the law required him to do, and then the judgment would have bound

Fischesser *vs.* Thompson.

the creditors of Fischesser, because the executors represented them ; but inasmuch as the Ordinary did not obtain jurisdiction of the person and the subject matter, as prescribed by law, but rendered the judgment without authority of law, *no notice* being recited therein to the legal representatives of the estate, the judgment rendered by him allowing the twelve months' support to the widow was void, as against the judgment creditor of Fischesser, and he might attack it whenever it came in conflict with his rights in any Court. Creditors may attack a judgment for any defect appearing on the face of the record or pleadings, whenever and wherever it interferes with their rights, either at law or in equity : Code, 3538.

If the setting apart of the widow's twelve months' support was conferred upon the Ordinary by a special provision of the law, then that special provision of the law conferring that jurisdiction, both as it regards the person and the subject matter, should have been complied with to authorize the Ordinary to render a judgment under the authority of that law.   It is true, that if the judgment alone had been produced without more (considering it a Court of general jurisdiction) the legal presumption would have been in favor of the judgment, but when the record and proceedings of the Ordinary rendering the judgment under the special provisions of the law in question, clearly shows that the applicant did not make her application before the Ordinary in the manner prescribed by law, so as to authorize him to take jurisdiction of the subject matter, and no notice given to the person whose rights were to be affected by it as prescribed by law, that legal presumption in favor of the judgment is rebutted so far as the rights of the judgment creditor claiming the money as against that judgment of the Ordinary is concerned, inasmuch as the law which confers the authority upon the Ordinary in this particular class of cases to render a judgment, expressly declares, that the order shall always recite the names of the persons notified, and the compliance with the provisions required by law.   The claimant's own evi-

dence, offered in support of her right to the money under the judgment of the Ordinary, clearly shows that she is not entitled to it as against the judgment creditor, because the Ordinary did not acquire the jurisdiction to render that judgment in the manner prescribed by law, so as to conclude his rights, even if it should be conceded that the judgment of the Ordinary is the judgment of a Court of general jurisdiction, in regard to this particular class of cases. When the law requires that certain specific things shall be done to give a Court jurisdiction, either of the person or the subject matter, and the record of the proceedings and judgment of that Court do not show upon the face thereof that those certain specific things have been done, which the law positively requires to be done, to confer jurisdiction, and especially when the law requires that those certain specific things shall be recited in the judgment of the Court, and that there has been a compliance therewith, and the record does not affirmatively show that these things have been done, upon an inspection of the entire record offered, the legal presumption contended for in favor of the judgment should not be allowed to prevail so as to affect the interest of those who, under the law, were entitled to notice of the proceedings in which the judgmen was rendered, or to conclude their rights. By the public law of the State a suit against a defendant is to be tried in the county where he resides. Ordinary suits are to be commenceed by petition and process requiring the defendant to appear at the Court in which the suit is instituted, and must be served on the defendant or left at his residence. If the record of the proceedings and judgment of the Superior Court should be offered in evidence, and upon an inspection thereof it did not appear that the defendant resided in the county in which the judgment was rendered, and it did not appear that there had been any service thereof as required by law, and no appearance by the defendant or notice to him of the pendency of the suit, could the Court in which such a record was offered legally presume in favor of the validity of such

a judgment? I think not; and why not? Because it did not appear on the face of the record that the Court rendering the judgment had jurisdiction of the person of the defendant as required by law. If it be shown on the face of the record that the Court rendering the judgment had jurisdiction of the person, and the subject matter, mere irregularities in the proceedings of the Court would not make the judgment void. The judgment rendered by the Ordinary was void as against the judgment creditor of the testator. The *nunc pro tunc* order granted by the Ordinary, at Chambers, 31st May, 1871, to amend the former proceeding does not appear to have been made on the application of the widow by petition in writing, or that any notice of that application was given to the executors or creditors, but was a mere *ex parte* proceeding, made long after the expiration of the six months allowed to file objections. It would be a dangerous practice to allow the Ordinary, after such a lapse of time, to amend and correct his records upon a mere *ex parte* application, not made according to law, and without any notice to parties interested. The last application to amend and the order of the Ordinary is not in compliance with the law any more than was the first proceeding.

Let the judgment of the Court below be affirmed.

MONTGOMERY, Judge, concurring.

I concur in the judgment of the Court in this case, upon the ground that the proceeding to set aside twelve months' support for a widow out of the estate of her deceased husband, is a special one before the Ordinary, as contra-distinguished from the Court of Ordinary, and everything required by the Code to be done in order to give the Ordinary jurisdiction, should appear on the face of the proceedings.

McCAY, Judge, dissenting.

1. Courts of Ordinary in this State are Courts of general jurisdiction, and their judgments are not void, because the

proceedings do not upon their face show that notice has been given to those entitled to notice of any matter upon which the Court has acted.

2. The judgment of a Court of general jurisdiction is not void because its proceedings fail to conform to the rules of practice prescribed by law for the transaction of its business. Such failures are irregularities, and cannot be objected to except in the Court giving the judgment and on a proceeding for that purpose.

3. The Ordinary, in appointing commissioners to lay off a year's support for the widow and children of a deceased person, and in carrying to record their report, acts in the sphere of his constitutional jurisdiction, and exercises the powers of a Court of Ordinary, and his judgments are entitled to the presumptions allowed by law to the judgments of a Court of general jurisdiction.