## STONECYPHER *v.* COLEMAN *et al.*

No. 7164.   OCTOBER 17, 1929.

*J. S. Adams, S. P. New,* and *M. C. Barwick,* for plaintiff in error.
*G. C. Bidgood.* contra.

HINES, J.   For the case made by the petition as amended, see the report when it was here on exception to the judgment overruling the defendant's demurrer. *Stonecypher* v. *Coleman,* 161 *Ga.* 403 (131 S. E. 75).   In her answer the defendant denied that she agreed with the administrator of her husband to take up the unpaid notes given by her husband for the purchase-money of the lands involved in this case, to take the deed to these lands until the rents and profits repaid her for the money so advanced, and then to make a deed to these lands to the estate of her husband, to be divided among plaintiffs and the other heirs; but she admitted that she entered into an agreement with the administrator, by which she was to pay to her husband's vendors the balance due upon the purchase-money of these lands, and that deeds were to be executed, absolute in form, and conveying to her the fee-simple title in consideration of her payment of the remaining purchase-money, and that such agreement had been duly executed by her, and a deed made to her by the vendors.   She pleaded her discharge in bankruptcy in bar of the right of the plaintiffs to recover.   She further alleged that she had acquired a prescriptive title to this land.   On the trial the parties introduced evidence to establish their contentions.   It appeared from the evidence introduced by the plaintiffs that the administrator of the estate of their father had paid some small debts of the estate since this suit was instituted; and that the administrator had refused to bring suit.   The jury returned a verdict in favor

of the plaintiffs. The defendant moved for a new trial on the general grounds, and special grounds which will presently appear.

1. In the first special ground of the motion for new trial the defendant insists that the court erred in failing to charge the jury that if there were any unpaid debts of the estate of the intestate at the time this suit was instituted, it would be their duty to find for the defendant; and that such failure was particularly erroneous for the reason that, on the hearing of a demurrer, the court required the plaintiffs to amend their petition and allege that there were no unpaid debts of the estate at the time the suit was instituted, to which ruling there was no exception. The amendment to the petition is substantially set out in the statement of facts preceding the opinion of this court when the case was here before. This amendment alleged, in substance, that it was agreed that the land involved was to become the joint property of the defendant and the other heirs as soon as the money which the defendant paid upon the unpaid purchase-money thereof could be collected out of the rents and profits of the land by her, unless at that time there remained debts due by the estate, necessary to be paid out of the proceeds of said land, in which event the land was to be deeded by the defendant back to the estate for the purpose of administration. It was further alleged that there remained no debts due by the estate at the time, and it was never necessary for said land to be administered for the payment of any debts of the estate. . It appeared from the evidence that at the time this suit was instituted debts of the intestate amounting to about $100 had not been paid by the administrator, but were afterwards paid by him out of moneys of the estate. Under the allegations of the amendment the judge did not err in failing to give the instruction which the defendant contends should have been given. Under a fair construction of the allegations of the amendment, this land was to become the property of the defendant and the other heirs at law, when the defendant was repaid from the rents and profits thereof the money which she paid out to redeem this land, unless there were then unpaid debts of the estate which required that this land be administered in order to pay them. It appearing that the small amount of debts of the intestate unpaid at the time this suit was instituted were afterwards paid by the administrator out of other funds belonging to the estate, it became unnecessary to administer this land for the purpose of

paying them; and in view of this fact the court did not err.in failing to give the instruction set out above.

2. The court instructed the jury as follows: "As already charged you, one of the contentions of the defendant is that she is discharged in bankruptcy. With respect to that contention I charge you that if you believe from the evidence in this case that the plaintiffs were listed as creditors of Mrs. Stonecypher and were notified or had information of the pendency of the bankruptcy proceedings of Mrs. Stonecypher, then her discharge in bankruptcy would be a discharge from any obligations or liability to the plaintiffs in this case, unless you further believe, from the evidence and law as given you in charge, that Mrs. Stonecyphers' obligations, if any, to the plaintiffs in this case originated in fraud." The defendant excepts to this charge, upon the ground that it was contrary to law, for the reason that the language, "unless you further believe, from the evidence and law as given you in charge, that Mrs. Stonecypher's obligations, if any, to the plaintiffs in this case originated in fraud," did not instruct the jury with sufficient clearness and definiteness that the fraud which would prevent a discharge would have to exist at the time of the original transaction, and left the jury to infer that her obligations in subsequently collecting the rents and profits, and encumbering the land with loans, and permitting the loans to be foreclosed, were such obligations as the court had in mind, and that, if any fraud existed in any of said transactions, bankruptcy would not discharge the same. The exception not being that the instruction was an incorrect statement of the law, except for the reason assigned, the only exception being that the charge did not instruct the jury with sufficient clearness and definiteness, the defendant should have requested the court for a proper instruction to meet such objection.

Quaere (a) Whether a discharge in bankruptcy discharges the claims of beneficiaries under a resulting trust against the bankrupt, or to the proceeds of the subject-matter of such trust, when the same has been converted to his own use by the bankrupt. See *Covington* v. *Rosenbusch,* 148 *Ga.* 459 (97 S. E. 78). (b) Whether the evidence discloses that plaintiffs, who were not listed as creditors of the bankrupt, had such knowledge of the bankruptcy proceeding as would make the discharge of the bankrupt a bar to their claim.

3. In special grounds 3, 4, and 5 of her motion the defendant

contends that each of the following instructions was error: (3) "I charge you as a matter of law that the administrator could not, by his deed to the land in question, ordinarily divest the interest of the plaintiffs, unless it should appear from the evidence that the amount of the debts on the land at the time of its conveyance to Mrs. Stonecypher by the administrator was equal to its value." It is contended that this charge was inapplicable to any issue involved. (4) "If the lands in question exceed in value the amount of the debts, then the plaintiffs would be entitled to recover four sevenths of the amount the evidence might show, if any, that the land was worth above the debts thereon." The error assigned is that this instruction is not the law, was not applicable to any of the issues involved, and had the effect of directing the jury to find for the plaintiffs if the values exceeded the amount of the debts, without regard to whether or not a contract existed between the administrator and the defendant by which a trust was created. (5) "Should you find that the land exceeded in value the amount of the purchase-money therein at the time it was conveyed to Mrs. Stonecypher, then you would also ascertain from the evidence the fair rental value of the land and ascertain if the rents, if any, coming into the hands of Mrs. Stonecypher, equaled or exceeded the amount of the purchase-money due thereon at the time it was conveyed by the administrator to Mrs. Stonecypher. If such rents received by her, if any, exceeded the amount paid out by her on the purchase-money of said land, then the plaintiffs would be entitled to recover four sevenths of the amount that the evidence might show that she had received above such purchase-money." The error assigned is that this instruction directed the jury to find for the plaintiffs if they found the rents were greater than the purchase-money, without regard as to whether an implied trust existed or not.

If there were errors in these instructions for any of the reasons assigned, such errors do not require the grant of a new trial. Furthermore, these instructions were more favorable to the defendant than she was entitled to under the facts of this case.

4. In the sixth ground of the motion the defendant contends that the court erred in permitting W. B. Coleman, a witness for the plaintiffs, to testify, over objection that the testimony was irrelevant, that the defendant, at the time she put these lands in the loan, owned other property, that she was financially able to take

care of the loan if she wanted to, and that she had about 600 acres of land. The admission of this evidence, if irrelevant, did not affect the verdict, and for this reason does not require the grant of a new trial. *Purser* v. *McNair,* 153 *Ga.* 405 (112 S. E. 648).

5. The court permitted T. C. Christian, a witness for the plaintiffs, to testify that when H. C. Stonecypher moved off to town he left two minors down there to "root hog or die," over defendant's objection "that it had nothing on earth to do with the case." This testimony was irrelevant; but this error does not require the grant of a new trial, in view of the facts of this case.

6. In the eighth ground of the motion for new trial the defendant contends that the court erred in refusing to permit her to testify that she bought this land in good faith, and had acted in this transaction in every way in good faith. The refusal of the court to admit this evidence does not require the grant of a new trial under the facts of this case.

7. The defendant insists that the administrator of the intestate was barred by prescription from bringing this suit, and that in consequence the heirs at law were likewise barred. Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law. Civil Code (1910), § 3929. When the legal title to land is vested in infants, or cast upon them by operation of law, then the statute does not run against them during their infancy. *Wingfield* v. *Virgin,* 51 *Ga.* 139; *Madden* v. *Jones,* 75 *Ga.* 680 (2).

Applying the foregoing principles, the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*