## SMITH *et al.* v. BROGAN.

WYATT, Justice. Edna Henley Brogan Smith, Minnie Louise Brogan Wilson, and Nancy Maurine Brogan Holloway filed their petition against Mrs. Dan P. Brogan, in which it was alleged in substance: that the petitioners were non-residents of the State of Georgia and children by a first marriage of Dan P. Brogan, who died in Fulton County, Georgia, on January 28, 1949; that Dan P. Brogan died intestate, leaving the defendant in the court below as his widow by a second marriage, and one son as the issue of the second marriage; that he left an estate of the value of $40,000; that the defendant in the court below duly filed her petition in the Court of Ordinary of Fulton County, Georgia, seek-

ing a year's support; that appraisers were duly appointed, and citations duly issued, of which proceedings the non-resident plaintiffs in the court below had no actual notice, after which the estate was set aside to Mrs. Dan P. Brogan as a year's support; that "all of the requirements of the Georgia law with respect to the allowance of a year's support, as set forth in Ga. Code (1933) Annotated, sections 113-1002, 113-1002.1, and 113-1005 were complied with by defendant but that plaintiff received no notice of said proceeding"; that the amount set aside as a year's support was grossly excessive and amounted to a fraud upon the court of ordinary; that "Petitioners aver that they are without an adequate remedy at law and that, unless this court of equity intervenes in their behalf, they will be irreparably damaged, and deprived of property without due process of law in violation of article I, paragraph III of the Constitution of Georgia and the Fourteenth Amendment of the Constitution of the United States." The prayers were for injunction, for judgment declaring that the judgment of the court of ordinary setting aside the year's support be set aside and declared void, and for general relief. The trial judge dismissed the petition on general demurrer, and the exception is to that judgment. *Held*:

If the plaintiffs in error were legally served with notice of the application for a year's support, the proper place and time to present the objections here urged was in the court of ordinary when the matter was heard and determined there. The petition in the instant case shows on its face that the plaintiffs in error were served in the manner provided by the law of Georgia. We find from the briefs filed in this court by counsel for the plaintiffs in error, and from that source only, that the contention now made is to the effect that the statute providing for service by publication (admittedly complied with) is unconstitutional as denying due process of law. The law in this State does not permit constitutional questions to be raised in this manner. "In order to raise a question as to the constitutionality of a statute, the statute which the party challenges, and the provisions of the Constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision." *Manufacturers Trust Co.* v. *Wilby-Kincey Service Corp.*, 204 *Ga.* 273 (2) (49 S. E. 2d, 514), and cases cited. The petition in this case, as appears from the above statement of facts, falls far short of this wise requirement of our law. *Ellis* v. *Hogan*, 147 *Ga.* 609 (95 S. E. 4), cited and relied upon by the plaintiff in error, is not here applicable. There, the widow and stepmother violated an agreement which she had made with the children not to apply for a year's support. The court held it to be fraud. No such allegation appears in the petition now under consideration. It follows from what has been said above, the judgment sustaining the general demurrer was not error.

*Judgment affirmed. All the Justices concur.*

No. 17313. February 13, 1951. Rehearing denied March 14, 1951.

*Nall & Sterne* and *Ralph R. Quillian,* for plaintiffs.
*Lokey & Bowden,* for defendant.