24785. COLLINS v. COLLINS.

FRANKUM, Justice. James H. Collins filed his complaint in DeKalb Superior Court against Charles Thomas Collins and Dorothy Helen Collins Jackson in which he prayed that the court declare and adjudge that the defendant Thomas is not the sole owner of certain described realty; that the court ad-

judge that the plaintiff is a tenant in common with respect to said property and entitled to an accounting regarding the rents and profits received by the defendant Collins from the same, and that the defendant Jackson has no interest in said property; and for other relief.

The defendant Collins filed an answer and other defensive pleadings. The defendant Jackson did not file any defensive pleadings. The plaintiff filed his motion for a summary judgment to the effect that the defendant Jackson has no interest in the property in question; that a certain warranty deed executed by Annis Mae Collins to the defendant Collins is not binding on either plaintiff, Verna Larue Collins (now Tullis) or Betty Louise Collins (now Adams), and that the plaintiff is a tenant in common with respect to said property and is entitled to an accounting. The court rendered a summary judgment upon the motion decreeing substantially as prayed in the motion.

The record before this court shows the following facts to be undisputed: W. M. Collins died December 14, 1946. At the time of his death he owned in fee simple certain described realty located in DeKalb County. He was survived by his wife, Annis Mae Collins, and seven children, five of whom, including the plaintiff and both defendants, were minors. At the May term, 1948, of the Court of Ordinary of DeKalb County the real estate owned by W. M. Collins at the time of his death was set aside to his widow, Annis Mae Collins and five minor children as twelve months' support. On the date of the death of W. M. Collins, as well as on the date of the application for and award of the twelve months' support the defendant Dorothy Helen Collins Jackson (one of the beneficiaries named in the twelve months' support) was married and living with her husband in their own home. See *Code Ann.* § 113-1034. Without the approval of the Ordinary of DeKalb County, Annis Mae Collins, as sole grantor, on October 6, 1962, (all of the children named in the year's support having at that time attained their majority) during her last illness, did convey by warranty deed the entire property set aside as a twelve months' support to the defendant Charles Thomas Collins. On December 1, 1966, the defendant Collins leased said realty to Charles Harris for term of one year at rental of $70 per month. He has collected the rental and has refused to account to the plaintiff for any part thereof, claiming that he is the sole beneficial owner in fee simple of the entire par-

cel of real property, holding adversely to the plaintiff as well as the other children of Annis Mae Collins. It further appears that prior to the commencement of this action Larue Collins Tullis and Betty Collins Adams, the remaining beneficiaries of the year's support, conveyed to the plaintiff by quitclaim deeds their interest in the property which had been set aside as a year's support. *Held:*

1. "Where realty is set aside as a year's support to a widow and . . . minor children, and all the minors have since attained their majority, the title is vested in them jointly, subject to the right of the widow to sell (since the Act of 1937, p. 861, *Code Ann.* § 113-1025, upon approval of the ordinary) the entire interest for her maintenance and support." *King v. King,* 203 Ga. 811 (48 SE2d 465, 2 ALR2d 1181); *Walden v. Walden,* 191 Ga. 182, 184 (12 SE2d 345).

2. The deed by Annis Mae Collins, as grantor, to Charles Thomas Collins, as grantee, did not divest the interest of any of the beneficiaries named in the year's support to the property set aside for such support, except the interest of Annis Mae Collins, as it was not executed pursuant to approval by the Ordinary of DeKalb County, as required by law. See Ga. L. 1937, p. 861 (*Code Ann.* § 113-1028); *Claxton v. Claxton,* 214 Ga. 715, 718 (107 SE2d 320).

3. The parts of the summary judgment enumerated as error were demanded as a matter of law.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1968—DECIDED OCTOBER 10, 1968.

*Lee Evans,* for appellant.

*Sarah Frances McDonald, Richard H. Vincent,* for appellee.