### 44653.   OUTLAW v. OUTLAW.

JORDAN, Presiding Judge.   This is an action commenced in August of 1968 in the Court of Ordinary of Berrien County to set aside an order of the January term, 1964, awarding the entire estate of J. N. Outlaw, which included real estate, to his widow for a year's support.   Roland E. Outlaw, the petitioner, shows that J. N. Outlaw died intestate on June 14, 1963, that the petitioner is one of the heirs, being the son of Melvin Outlaw, a son of J. N. Outlaw who died in 1949, and that the petitioner was a minor, age 18, at the time the entire estate, appraised at $26,290, was awarded to the widow.   The petitioner further alleges that his grandfather in life spent no more than $3,000 annually for his own support and that of his wife, and that the award of the year's support is grossly excessive.   The ordinary sustained a motion of the widow to dismiss the complaint for failure to state a claim, and on appeal to Berrien Superior Court, that court also sustained a motion to dismiss for failure to state a claim, from which the petitioner appealed to the Supreme Court.   That court transferred the case to this court as a case analogous to "an appeal from denial of contentions made in a caveat to an application of the widow in the first instance" not involving an issue within the jurisdiction of the Supreme Court.   *Outlaw Outlaw,* 225 Ga. 317 (168 SE2d 163).   *Held:*

1. The procedural requirements to obtain the statutory year's support for a widow or other qualified person as a necessary expense of administration preferred before all other debts include, upon application to the ordinary, notice only to the representative of the estate, if there be one.   *Code* § 113-1002, as amended (Ga. L. 1959, pp. 136, 139).   Following return of

the appraisers, the ordinary is required to issue citation and publish notice as required for the appointment of permanent administrators, and, if there are no objections, or if objections are made and disallowed, he is then required to record the return. *Code* § 113-1005, as amended (Ga. L. 1968, p. 997). Where no objections are filed, and the return is recorded, the record has the binding effect and force of a judgment. *Holamon v. Jenkins,* 50 Ga. App. 129 (177 SE 262). Title to the property set apart vests in the recipients of the year's support, "and the same shall not be administered as the estate of the deceased." *Code* § 113-1006.

2. The citation requires "notice of the application to all concerned, in the newspaper in which the county advertisements are usually published, once a week for four weeks." *Code* § 113-1212. Irrespective of any other persons, it is settled that the heirs at law are included among those who may contest an application for a year's support. *Mathews v. Rountree,* 123 Ga. 327 (1) (51 SE 423); *Goodman v. Goodman,* 36 Ga. App. 768 (1) (138 SE 265). Both before and since the Civil Practice Act our statutes in general have required notice of any legal proceedings affecting a minor by personal service on a minor within the jurisdiction of the court, and representation by a guardian ad litem. See *Code* § 49-111; former *Code* § 81-212 as amended, Ga. L. 1965, pp. 237, 238; CPA §§ 4 (d) (3), 17 (c), Ga. L. 1966, pp. 609, 612, 629; *Code Ann.* §§ 81A-104 (d) (3), 81A-117 (c).

3. "A motion to set aside must be predicated upon some non-amendable defect which does appear upon the face of the record or pleadings." Ga. L. 1966, pp. 609, 663 (*Code Ann.* § 81A-160 (d)). (See *Keith v. Byram,* 118 Ga. App. 364, 365 (163 SE2d 753), where the paraphrased language of this statute was inadvertently and incorrectly stated in that it refers to a "defect *not* apparent.") Except as otherwise provided, "all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three (3) years from entry of the judgment complained of." Ga. L. 1966, pp. 609, 663; (*Code Ann.* § 81A-160 (f)). In view of *Code* § 3-801, infra, this 3-year statute does not run against a minor during minority if title to the claim is in the minor. *Nelson v. Estill,* 190 Ga. 235, 243 (9 SE2d 73).

4. "Infants . . . who are such when the cause of action [i.e., a claim under present practice] shall have accrued, shall be entitled to the same time, after the disability shall have been

removed, to bring an action, as is prescribed for other persons." *Code* § 3-801. If the legal title to land is vested in an infant, or is cast upon him by operation of law, he is protected during the period of infancy from the running of a statute protecting the acquisition of an adverse interest. *Stonecypher v. Coleman,* 169 Ga. 294 (150 SE 164).

5. The son of a deceased son stands in the place of his father as an heir at law of an intestate in the first degree, and is entitled to a per stirpes distribution from the estate. *Code* § 113-903 (4).

6. Title to realty vests immediately in the heirs at law, subject to be administered by the legal representative, if any, for the payment of debts, the purposes of distribution, and other purposes as provided in Title 113. *Code* § 113-901.

7. The record of the year's support proceeding, as shown in the record now before this court, discloses service of the application only upon the applicant in her capacity as administratrix of the estate, and fails to disclose any service, participation, or representation by the then minor heir who now, after reaching majority, seeks to set aside the award as excessive. While from this record it is apparent that the year's support procedures were strictly followed, it is also equally apparent that the procedures required under the statutes designed to protect minors in legal proceedings were not followed. The absence in the laws relating to a year's support of any reference to the laws designed to protect minors in legal proceedings affords no support for any contention that these statutes are inapplicable to an application for a year's support. Considering both the benevolent purposes of the year's support law as well as the clear intent of other laws to protect the rights and claims of minors, the award of a year's support cannot operate to divest a minor heir of his interest in property unless it appears that appropriate steps were taken to protect his interest. Viewing the petition under the present practice rules, and therefore favorably to the pleader, we think it states a timely claim which, as recognized by the Supreme Court, is not unlike "a caveat to an application of the widow in the first instance." *Outlaw v. Outlaw,* 225 Ga. 317, supra. Accordingly, on appeal from the Court of Ordinary to Berrien Superior Court, the latter court erred in dismissing the complaint as failing to state a claim on which relief can be granted. Cf. *Collins v. Collins,* 110 Ga. App. 569, 571 (139 SE2d 459).

*Judgment reversed. Hall and Whitman, JJ., concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED JANUARY 19, 1970—
REHEARING DENIED MARCH 2, 1970.

Fred L. Belcher, Fred T. Allen, for appellant.
Edward Parrish, Elsie H. Griner, for appellee.