## 30358. ALLAN v. ALLAN.

INGRAM, Justice.

This partitioning case from Fulton Superior Court raises the constitutionality of Georgia's historic year's support proceeding, particularly as applied to the defendant in this litigation. At issue is an undivided one-half interest in a house and lot in Fulton County occupied for many years as a residence by the defendant. Plaintiff seeks to have the property sold in this case for a division of the proceeds between the parties.

The factual background of the case is as follows: A former transit bus driver in Atlanta by the name of Ruford J. Allan was married to the defendant for more than 37 years. Their marriage ended in a divorce granted on May 2, 1972. While married, they acquired title as tenants in common in 1946 to the presently disputed property. Each of them continued to own an undivided one-half interest in the property after their divorce and defendant has continued to reside on the property.

Three days after his divorce from the defendant, Ruford J. Allan married the plaintiff and was married to her at the time of his death on January 4, 1973, in Cobb County. After his marriage to plaintiff, Mr. Allan made a will on October 17, 1972, in which he devised his one-half interest in the Fulton County property to the defendant,

his first wife, and he named plaintiff, his second wife, as executrix of the will.

Following Mr. Allan's death on January 4, 1973, in Cobb County, the plaintiff, as his widow, filed an application for a year's support in the Probate Court of Cobb County. However, Mr. Allan's will was never offered for probate and there was no administration of his estate.

Plaintiff's application for year's support was granted and the judgment set aside to her assets having a fair market value of $45,000 which included the one-half interest owned by Mr. Allan in the Fulton County property where defendant continued to live and which he devised to her in his will. Defendant received no notice of the year's support proceedings. The only notice that was given was by publication of the appraisers' return in the legal advertisements of Cobb County which did not reach the defendant.

After acquiring Mr. Allan's one-half interest in the Fulton County property by the year's support judgment, the plaintiff filed the present suit for partitioning against the defendant in Fulton Superior Court. Defendant responded to the suit by challenging the validity of the year's support award to plaintiff, contending it was void because the statutory scheme for notice violated the due process clauses of the Federal and State Constitutions by depriving her of property without adequate notice.

On stipulated facts, both parties moved for summary judgment in the trial court. Plaintiff's motion was denied and defendant's motion was granted. The trial court held that the result of the Cobb County year's support judgment awarding Mr. Allan's one-half interest in the Fulton County property to plaintiff amounted to a taking of defendant's property without adequate notice and constituted a violation of the due process clauses of the Fourteenth Amendment and of the Georgia Constitution.

Plaintiff appeals the grant of the defendant's motion for summary judgment. The enumerations of error are that (1) there is a genuine issue of fact as to whether defendant had notice of the year's support proceeding and that (2) the trial court erred in holding the notice provisions in the year's support proceeding unconstitutional.

Both parties stipulated that defendant did not learn plaintiff had been awarded an interest in the Fulton County property until sometime subsequent to the granting of the year's support application. In defendant's affidavit she stated she had no notice of the year's support proceeding. There is some evidence that she was aware of her ex-husband's death and collected some death benefits, but this falls short of raising an issue about notice of the year's support proceeding. Giving plaintiff as the opposing party the benefit of all reasonable doubts and favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact. See *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974). Thus, the constitutional issue will be the decisive issue in determining whether the defendant is entitled to judgment as a matter of law. Code Ann. § 81A-156 (c).

Plaintiff argues that defendant, as the devisee of the deceased's one-half interest in the Fulton County property under the unprobated will, has no right that is subject to due process protection. It is true that the only *vested* property right belongs to the heirs at law of real property. Upon the death of a person intestate, title to realty vests in his heirs at law subject to being administered for payment of debts. Code Ann. § 113-901. However, in the testamentary disposition of realty, "[u]pon the death of the owner of realty testate, the devisees have an inchoate title in the realty which is perfected when the executor assents to the devise. Code Ann. § 113-801." *Oliver v. Irwin,* 219 Ga. 647 (1) (135 SE2d 376) (1964) and cits. Although the interest of the devisee does not vest, until assent by the executor, when this occurs it relates back to the date of death of the testator. See Pindar, Georgia Real Estate Law, p. 524, § 16-3 (1971). This inchoate title in real estate can be voluntarily conveyed and can be the subject of a fraudulent conveyance. See *McGahee v. McGahee,* 204 Ga. 91 (48 SE2d 675) (1948). It is also an assignable property right. See *Sanders v. Hepp,* 190 Ga. 18, 20 (8 SE2d 87) (1940).

Even though the right is inchoate rather than vested, it is a legal right that will be protected. The U. S. Supreme Court, in Schroeder v. City of New York, 371 U. S. 208,

212 (1962), did not restrict due process protection to "property rights" but, instead, used the term "legally protected interests." Using this reasoning, we hold that the defendant's interest in the real property as a devisee under the will is a legally protected interest.

The next question is whether publication is a constitutionally permissible method to notify the defendant as devisee of the pendency of an action which had the effect of terminating that interest. This case is distinguishable from *Payne v. Bradford,* 231 Ga. 487 (202 SE2d 422) (1973) in which the parties had actual notice of the proceedings even though they had not been personally served. As noted earlier, this case places directly in issue the constitutionality of the notice provisions of the year's support proceedings when the estate has no representative. Cf. *Smith v. Brogan,* 207 Ga. 642 (63 SE2d 647) (1951) (constitutional issue not properly raised).

The defendant urges that this case is controlled by Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306 (1949). Mullane concerned the method of notifying individual beneficiaries of trusts administered under a statute that provided for pooling small trusts under one trustee. The only notice to the beneficiaries that was provided by the statute was by publication. The effect of a decree taken under the statute was to settle the rights of all the beneficiaries against the trustee for claims of improper management.

The Supreme Court pointed out that proceedings to settle fiduciary accounts are generally classified as "in rem" or "quasi in rem." "But in any event, we think that the requirements of the Fourteenth Amendment to the Federal Constitution do not depend upon a classification for which the standards are so elusive and confused generally and which . . . may and do vary from state to state." 339 U. S., p. 312. The minimum required for due process is that "deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Id., p. 313.

The Supreme Court has further illuminated the due process requirements of Mullane in cases that have followed it. In a land condemnation proceeding (a classic "in rem" proceeding), the only notice to the landowner was

by publication and by posting. "The general rule that emerges from the Mullane case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question." Schroeder v. City of New York, 371 U. S. 208, supra, p. 213. See also Walker v. City of Hutchinson, 352 U. S. 112 (1956).

In Robinson v. Hanrahan, 409 U. S. 38 (1972) further delineation is found of the requirement that the notice be "reasonably calculated" to apprise the person whose interests will be affected. An Illinois statute allowed forfeiture proceedings for motor vehicles to be instituted after notice was mailed to the owner of the vehicle at the address listed with the Secretary of State. In Robinson, the notice was mailed but appellant in that case was in custody at the Cook County jail. Because the state knew appellant was not at the address to which the notice was mailed, the court found that the state had not made an effort "reasonably calculated" to apprise him of the proceedings. See also Covey v. Town of Somers, 351 U. S. 141 (1955), and *Outlaw v. Outlaw*, 121 Ga. App. 284 (173 SE2d 459) (1970).

In dealing with forfeiture of the claims of creditors under a provision of the bankruptcy law, the Supreme Court refused to uphold notice by publication where the creditor was known. In that case, the creditor was to forfeit a lien because a claim was not made within a specified time. The court said that known creditors had to be given "reasonable notice" before their claims could be forever barred. See New York v. New York, N. H. &c. R. Co., 344 U. S. 293 (1953). Notice by publication in that case was held insufficient to give "reasonable notice."

"An elementary and fundamental requirement of due process in any proceeding *which is to be accorded finality* is notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (Emphasis supplied.) Mullane, supra, p. 314. Thus, there is no strict standard for reasonableness of notice. Whether or not due process is satisfied depends on the circumstances of each case. But, it is clear that one im-

portant factor to be weighed, in determining whether notice by publication is sufficient where the interested party is known, or easily ascertainable, is the finality to be given the judgment rendered in the proceeding.

We recognize there are many pre-Mullane cases from the United States Supreme Court that uphold the due process validity of notice by publication in probate proceedings. For a comprehensive survey of the cases, see Comment, Probate Proceedings... The Mullane case and Due Process of Law, 50 Mich. L. Rev. 124 (1951). Most of these cases involve probate procedures in which notice is given by publication and the person interested in the judgment has a specified period of time in which to come in and question the admission of the will to probate before the judgment is final. See Case of Broderick's Will, 88 U. S. (21 Wall.) 503 (1874) and Farrell v. O'Brien, 199 U. S. 89, 118 (1905). All these cases characterize devolution of property and the administration of the estate of a decedent as a proceeding in rem and as a subject peculiarly within state control. See Case of Broderick's Will, supra.

Therefore, probate and estate proceedings are arguably different from the trust-accounting procedures which were involved in Mullane. There is an historical basis for the method of notice that was established in English courts. See, e.g., Farrell v. O'Brien, supra. Georgia, for example, provides for will probate in common form, as well as for probate in solemn form. However, probate in common form, which requires no notice to anyone, is revocable within a certain period of time and does not provide finality at the rendition of the judgment.

Probate in common form has been upheld as sufficient under due process as long as probate is followed by a period in which to contest the proceedings. See Farrell v. O'Brien, supra. In Georgia, too, it is ". . . well settled that at common law there was a conclusive presumption, after the lapse of time, in favor of the validity of a will proved in common form of law . . . Any system of laws which recognizes this common-law principle and provides for a reasonable time can not be said not to afford due process of law." *Sutton v. Hancock*, 118 Ga. 436, 444 (45 SE 504) (1903).

But as Mullane states, the characterization of a proceeding as "in rem" or "quasi-in-rem" is not in itself determinative of the requirements of the Fourteenth Amendment. 339 U. S. p. 312. As previously stated, due process requires "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Id., p. 313. See also *Pelletier v. Northbrook Garden Apts.,* 233 Ga. 208 (210 SE2d 722).

Plaintiff urges that the only notice required for the year's support proceedings in Georgia has always been that which is provided by the statute. See Code Ann. §§ 113-1002 and 113-1005. Plaintiff argues that if notice by publication in a year's support proceeding is found constitutionally inadequate it will place in jeopardy probate and similar proceedings that provide for notice by publication. We do not agree with this argument because it ignores fundamental differences between year's support proceedings and other proceedings in which notice by publication is appropriate and constitutionally sufficient.

In the year's support proceeding the judge of the probate court causes a notice to be published citing "all persons concerned to show cause why the application for 12 months' support should not be granted." If no objection is made the return of the appraisers is recorded. Code Ann. § 113-1005. If no appeal is taken, the judgment is final and cannot be collaterally attacked. See *Raper v. Smith,* 216 Ga. 326 (116 SE2d 554) (1960), and cases cited. See also *Lewis v. Lewis,* 228 Ga. 703 (187 SE2d 872) (1972).

The finality of the year's support judgment clearly distinguishes it from probate proceedings in which publication can be sufficient (common form) because the judgment does not become conclusive for several years. Similarly, in Georgia, creditors are notified to file their claims against the estate by publication. See Code Ann. § 113-1505. If they do not file, the only right they lose is their priority in payment. The representative of the estate is still required to pay their claims if funds are sufficient. If the estate is settled before a claim is made, the claim is not lost because the creditor may recover pro rata from the

distributees. See Code Ann. § 113-1506 and Code § 108-425.

We conclude that the statutory year's support scheme which allows a final judgment to be obtained by a widow awarding her the decedent's property in an unrepresented estate upon notice only by publication to persons who have a legally protected interest in the property is constitutionally impermissible.[1] This result must obtain since due process requires that all interested persons[2] who are known or easily ascertainable (see *Oakley v. Anderson,* 235 Ga. 607 (221 SE2d 31)) receive notice of the proceedings. If the interested persons are not known or easily ascertainable then notice by publication is sufficient and due process is satisfied.

---

[1]If the estate has a representative, Code Ann. § 113-1002 requires that notice of the application for year's support be given to that person. That notice satisfies the requirements of due process. The representative's obligation is to protect the interests of all interested persons. See *Fischesser v. Thompson,* 45 Ga. 459, 465 (1872). "An administrator occupies a position of the highest trust and confidence to heirs at law; and is required to act in entire good faith in performing the duties of his trust . . . [H]e is not allowed to promote his own personal interest to the injury of the heirs at law." *Morris v. Johnstone,* 172 Ga. 598, 604 (158 SE 308) (1931). The representative occupies the position of trustee for the legatees and devisees, and it follows that the notice to the representative is for the benefit of those whose interests may be adversely affected and not for the widow's benefit. See *Watkins v. Donalson,* 217 Ga. 524, 527 (123 SE2d 728) (1962). Anything to the contrary that appears in *Bank of Waynesboro v. Graham,* 110 Ga. App. 426 (138 SE2d 693) (1964) is disapproved.

[2]Uniform Probate Code (ULA) § 1-201 (20) defines interested person as including "heirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against a trust estate or the estate of a decedent, ward or protected person which may be affected by the proceeding."

An important question remaining for decision is the effect our ruling in this case will have on other year's support proceedings. We have said that the year's support statute has a due process overlay that requires notice to all known or easily ascertainable persons with an interest in the decedent's estate. No good reason appears why this notice cannot be achieved by mail notifying the interested parties of the pendency of the application. This should be sufficient in future year's support proceedings where there is no representative of the estate to protect the interests of "interested persons."

Moreover, we see no good reason why previously adjudicated year's support proceedings should now be subject to collateral attack because of a lack of actual notice in earlier proceedings. The fact that a procedure is now declared constitutionally deficient does not necessarily make all proceedings held under the old procedure null and void retroactively. Prior to a determination that one aspect of a statute of this character has a constitutional weakness, the existence of the statute as it was relied upon is " . . . an operative fact and may have consequences which cannot justly be ignored. The past cannot be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects, . . . Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature of both the statute and of its previous application, demand examination. . . [A]n all-inclusive statement of a principle of absolute retroactive invalidity cannot be justified." Chicot County Drainage District v. Baxter State Bank, 308 U. S. 371, 374 (1939) (dealing with the doctrine of res judicata).

We are mindful of several considerations in applying the rationale of Chicot County Drainage District to this case: First, year's support proceedings have been a time-honored way in Georgia to protect widows and minor children by distributing assets of the decedent to them. Very few people have challenged the constitutionality of the notice provisions until the present case raised the issue directly. This decision, which requires that the

notice provisions of the year's support statute be read in conjunction with our interpretation of the due process requirements of the Georgia and Federal Constitutions, should not affect the validity of prior final awards to widows and minor children and those who have relied in good faith on the adjudication of those awards.

In addition, we are aware that the Supreme Court of the United States has on occasion refused to give a ruling retroactive effect if doing so would unjustifiably disrupt existing relationships. This is especially true where there has been a good faith reliance on an unconstitutional statute. See Phoenix v. Kolodziejski, 399 U. S. 204, 213 (1969). That court has chosen to make prospective those rulings which would produce such hardships if applied retroactively. See Cipriano v. City of Houma, 395 U. S. 701, 706 (1968). Reflected in these decisions is a careful balancing of constitutional interests and reliance by people on the old rules of law which is both wise and practical. See Lemon v. Kurtzman, 411 U. S. 192, 198 (1972).

In our opinion, the reliance of generations of people on the validity of year's support proceedings in Georgia to adjudicate title with finality even though no notice was given to interested parties is precisely the type of case in which these important constitutional interests and reliance interests must be balanced. Consequently, the ruling in this case will be prospective only and will not be applied retroactively. For the reasons stated in this opinion, the judgment of the trial court is decided to be correct.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1975 — DECIDED JANUARY 28, 1976 —
REHEARING DENIED FEBRUARY 11, 1976.

*Fredericks, Jones & Wilbur, Carl Fredericks,* for appellant.
*Haas, Holland, Levison & Gibert, Theodore G. Frankel, Richard G. Garrett,* for appellee.
*Arthur K. Bolton, Attorney General, Stephen L. Cotter, Staff Assistant Attorney General,* amicus curiae.

ON MOTION FOR REHEARING.

INGRAM, Justice.

Appellant insists in a motion for rehearing that this court's decision denies her equal protection of the law as all prior year's support judgments of other applicants were left undisturbed and only her judgment was set aside. Appellant points out that it is too late under the statute for her to file a new application for a year's support and, therefore, she has been treated differently from other applicants who have successfully used the same notice provisions of the statute. Appellant's argument, taken to its logical conclusion, would forever bar a court from declaring a statutory procedure constitutionally impermissible once it has been used by another party without challenge. This is just not correct, as it would fetter the court and compromise its duty to apply the Constitution when properly called upon to do so.

Actually, appellant will be treated no differently from other applicants whose petitions are filed in probate courts subsequent to the date of the decision in this case. The Superior Court of Fulton County granted appellee's motion for summary judgment "voiding the subject year's support order." This court has affirmed that judgment. Neither the trial court nor this court has set aside appellant's original application for year's support. No reason appears why appellant cannot now give the required statutory and constitutional notice for consideration of the application and then both parties may proceed with the matter in the probate court as if no final judgment had been rendered. For these reasons, and others unnecessary to detail, appellant's motion for rehearing is denied.

*Rehearing denied. All the Justices concur.*