## 31531. TRIBBLE v. KNIGHT.

HALL, Justice.

This is an appeal from an order of the Superior Court
of Telfair County dismissing appellant's complaint in
which she sought to set aside an application for leave to
sell year's support property, the order of the probate judge
allowing the sale, and a deed based on that order. The
appellant attacks the constitutionality of the notice
requirements of Georgia Code Ann. § 113-1026[1]; spe-
cifically, that service by publication upon an appli-
cation for leave to sell property which is the subject of
a prior year's support award is a constitutionally deficient
form of notice to inform known persons with interest in the
property of a potential conveyance or transfer.

---

[1] The approval of the judge of the probate court
required by the preceding section shall be obtained in the
following manner: "The widow shall make application in
writing, under oath, to the judge of the probate court,
stating the purpose or purposes of the proposed
conveyance or incumbrance, describing the property she
desires to convey or encumber, the nature of the proposed
conveyance or incumbrance, and the names and ages of
the children for whose benefit the year's support was set
apart. If the widow not be in life, such application may be
made by the guardian for any one or more of the children
for whose benefit the year's support was set apart.
Thereupon, the judge of the probate court shall set a date

In 1951 certain real property was set apart as year's support to Susie P. Knight and her three minor children from the estate of her deceased husband. In 1973 Mrs. Knight made application to sell that property according to the provisions of Code Ann. § 113-1026. The required hearing was held and the application granted; the property was subsequently sold to James Maloy Knight, one of Mrs. Knight's three children. Notice of the hearing was by publication, as provided in the above Code section. At the time of the application and sale all three children were sui juris. Geneva Knight Tribble, another one of Mrs. Knight's three children and the appellant in this case, was not served with notice of the pending proceedings. Upon notice of the sale, she brought suit against her mother and brother, the appellees, seeking to set aside the 1973 sale of the year's support property. She contends that her residence was well known to the parties to the application for leave to sell, but that no effort, reasonably calculated to apprise her of the pendency of that action, was taken. Mrs. Tribble asserts that she was not afforded due process of the law to which everyone is entitled before he can lawfully be deprived of his property under the Fourteenth Amendment to the United States Constitution and under the Georgia Constitution (Code Ann. § 2-103).

In *Allan v. Allan*, 236 Ga. 199 (223 SE2d 445) (1976), this court held that due process requires notice reasonably calculated to apprise interested parties of year's support proceedings, but that this rule would only be applied to year's support applications filed after the date of that decision. This case can be distinguished from *Allan* in the respect that the defendant in *Allan* was contesting the

for hearing on the application and appoint a guardian ad litem to represent the minor beneficiaries, who shall accept the appointment in writing. *Service shall be made by publishing notice of the date and purpose of the hearing once in the newspaper in which sheriff's sales for said county are advertised and posting a copy of the notice at the courthouse not less than 10 days prior to the date set for such hearing.* Objections, if any, shall be made in writing." (Emphasis supplied.)

notice provision of Code Ann. § 113-1005 in the initial year's support proceeding, whereas the appellant in this case is asking this court to extend the due process requirements of Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306 (70 SC 652, 94 LE 865) (1949), to the subsequent sale of prior year's support awards.

The rule established in Mullane is that "notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question." Schroeder v. City of New York, 371 U. S. 208, 212 (83 SC 279, 9 LE2d 255) (1962). Since there is no dispute that the appellant was a person whose name and address were known, the question in this case is whether sui juris children have legally protected interests which are directly affected by the sale of year's support property.

When property is set apart to a widow and her minor children under Code Ann. § 113-1002, it is intended to be used for their joint support and maintenance. The award continues after the expiration of the year, so long as the property lasts, to be used for the support of the widow during her life and the children until they are married or reach majority. *Walden v. Walden,* 191 Ga. 182, 184 (12 SE 2d 345) (1940). The widow, as head of the family, is vested with exclusive control and management of the property for the joint benefit of herself and her minor children. Once the children attain their majority, title remains vested in them jointly, subject to the right of the widow to sell (since the Act of 1937, p. 861 (Code Ann. § 113-1025), upon approval of the probate judge) all or part of the property for her maintenance and support. Id. See also *Collins v. Collins,* 224 Ga. 671 (1) (164 SE2d 139) (1968). In other words, a child is not divested of his interest upon reaching majority while the widow is alive or while any of his siblings are still minors, even though he is not entitled to the control or possession of the property or to any support therefrom. Id. at 189. The use and possession of a sui juris child's undivided interest is merely postponed to him until the death of the widow and the majority of all the children. The child may be divested of his interest by the widow's exercise of her power of sale, but so long as the

property remains undisposed of, his interest in the title continues. Id. at 190. Under the authority of *Walden,* it is clear that appellant had a legally protected interest in the subject property within the meaning of the Mullane rule.

While it is not necessary for a widow to show a necessity to sell the property, and in the absence of anything to the contrary it is presumed that the sale was for a proper and lawful purpose (*Whitfield v. Maddox,* 189 Ga. 870 (2) (8 SE2d 57) (1940)), Code Ann. § 113-1026 does anticipate objections to the application for leave to sell year's support property. Since the widow's children hold a joint interest in the property, they have standing to challenge the widow's right to sell the property. Notice reasonably calculated to inform them must be given in order to comply with due process requirements of the law. In all instances the widow's children would be known persons and in most instances the widow's children's addresses would be known or easily ascertainable. Therefore the degree of effort required in giving personal notice to the intested children in a subsequent sale of year's support property would be minimal in light of the interests involved. See *Pelletier v. Northbrook Garden Apts.,* 233 Ga. 208, 212 (210 SE2d 722) (1974). Notice by publication can hardly be thought reasonable when a sui juris child and his address are known and the sale results in his being completely divested of any interest in the year's support property.

We conclude that service by publication upon an application for leave to sell year's support property is a constitutionally deficient form of notice to inform sui juris children with known or easily ascertainable addresses of a potential sale of property in which they hold a joint interest. See generally *Allan,* supra; *Oakley v. Anderson,* 235 Ga. 607 (221 SE2d 31) (1975). If the widow who wishes to sell year's support property does not know or cannot easily ascertain the addresses of her sui juris children who hold an interest in the property, then notice by publication is sufficient to satisfy due process requirements. For the reasons stated in *Allan,* supra, at 207-208, the ruling in this case will be prospective and will not be applied retroactively to any sale made under Code Ann. § 113-1026 prior to the date of this decision,

except that the ruling will be applied in pending cases in which the question of the constitutionality of the notice requirements of Code Ann. § 113-1026 was raised prior to the date of this decision.

For the reasons stated above, the appellant's petition set forth a claim for relief and the trial court erred in dismissing the complaint.

*Judgment reversed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only, and Jordan, J., who dissents.*

SUBMITTED SEPTEMBER 10, 1976 — DECIDED DECEMBER 3, 1976.

*Stephen E. Shepard,* for appellant.
*E. Harmon Warnock, James E. Boyers, Jr.,* for appellee.