37974. SIBLEY v. BOARD OF MISSIONS OF CUMBERLAND PRESBYTERIAN CHURCH et al.

CLARKE, Justice.

The issue in this appeal is whether our rule established in *Allan v. Allan,* 236 Ga. 199 (223 SE2d 445) (1976), should be applied retrospectively. In *Allan v. Allan* we held that "... the statutory year's support scheme which allows a final judgment to be obtained by a widow awarding her the decedent's property in an unrepresented estate upon notice only by publication to persons who have a legally protected interest in the property is constitutionally impermissible." Id. at 206. Finding that due process considerations require actual notice of year's support proceedings to all known or easily as-certainable persons with an interest in the decedent's estate, we decided that this rule would be applied prospectively only.

Although he concedes that *Allan v. Allan* is controlling, appellant nevertheless insists that the notice rule of *Allan* should be applied retrospectively in his case. He argues that although he owned adjoining property he had no knowledge of the proceedings to set aside the property in 1969 and that this lack of notice was part of a deliberate scheme to deprive him of his child's share in the property. Since there was no allegation of fraud in the proceedings below, we cannot consider this as a possible exception to *Allan's* prospective application.

Appellant alleges that because of his lack of notice of his mother's 1979 petition to the probate court for permission to convey his minor brother's interest to appellees, the order authorizing the sale was void. The difficulty with appellant's argument is that he had no interest in the property which entitles him to notice. Title to the property vested in the widow and minor child at the time it was set aside for year's support. *King v. King,* 203 Ga. 811 (48 SE2d 465) (1948); *Stringfellow v. Stringfellow,* 112 Ga. 494 (37 SE 767) (1900). Our decision in *Tribble v. Knight,* 238 Ga. 84 (231 SE2d 68) (1976), is distinguishable in that it deals with the due process right of notice in the child now sui juris who was a minor child at the time of the year's support proceedings. Appellant here was sui juris at the time of the year's support proceedings and never entitled to share in the property set aside.

For the above reasons we adhere to the rule set out in *Allan v. Allan,* supra, and find that the notice given to appellant under the statute as it existed in 1969 was sufficient.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1982.

*Harrison & Harrison, Samuel H. Harrison, G. Hughel Harrison,* for appellant.
*Collar, Sacks & Yates, Gary R. Yates,* for appellees.