LOWERY <em>et al. v.</em> IDLESON, guardian, etc.

1. Exception to the allowance of an amendment to a petition can not properly be made in a motion for a new trial. Nor can an exception of this nature in a motion for a new trial be made effective by an assignment of error in the bill of exceptions, when it was not sued out within due time after the ruling complained of.

2. A purchase by a husband at a sale had by his wife as administratrix is voidable at the election of heirs of the intestate, who move within a reasonable time after the sale to set the same aside.

3. Where in a suit of this nature, brought by the heirs against the administratrix and her husband, the plaintiffs in the original petition pray that the deed to the husband be cancelled, and, by amendment duly allowed over objection, pray that they be allowed to recover the rental value of the land sold, from the date of the sale, and also the value of the personal property sold, with

interest, and a verdict and decree are rendered in accordance with these prayers, the administratrix will not be allowed to complain of such verdict and decree, when they were warranted by the evidence, and when she filed no plea setting up any reason why it was necessary for her to longer retain the property of the estate in her possession. If the plaintiffs were not entitled in such a suit to the relief prayed for in the amendment, the order allowing the amendment, unless excepted to in due time and in the proper manner, concluded the defendants on the plaintiffs' right to the relief sought; and if there were debts due by the estate, or any other reason existed why the property should not be distributed by the court among the heirs at law, the administratrix should have pleaded and proved it.

Submitted June 4, — Decided June 29, 1903.

Equitable petition. Before Judge Roberts. Laurens superior court. August 19, 1902.

*P. L. Wade*, for plaintiffs in error. *E. D. Graham*, contra.

COBB, J. Mrs. Lowery was administratrix of the estate of T. N. Miller. Having obtained authority from the court of ordinary to sell land and personal property belonging to the estate, she offered such property for sale at public outcry. All of the property offered for sale was purchased by the husband of the administratrix, and he afterwards sold to others some of the personal property. Suit was brought against the administratrix and her husband, by the mother of the decedent, in her own behalf as an heir at law and also as guardian of her three minor children, who were the brother and sisters of the decedent. A verdict was directed in favor of the plaintiffs, and the defendants excepted to the overruling of their motion for a new trial.

1. Error is assigned, both in the bill of exceptions and in the motion for a new trial, upon the allowance of an amendment to the plaintiffs' petition. No exceptions pendente were filed complaining of the allowance of the amendment. As the bill of exceptions was not sued out in time to bring this ruling of the court under review, and as it can not be made the subject-matter of a ground of a motion for a new trial, the assignment of error can not be considered. *Bullock* v. *Cordele Sash Co.*, 114 *Ga.* 627 (2).

2. The controlling question in the case is whether a purchase by the husband of an administratrix, at a public sale of the property of her intestate, had under authority of the court of ordinary regularly and duly granted, is valid as against heirs who move within a reasonable time after the sale to set the same aside, when

the husband has purchased for himself and paid a fair price, and the purchase is free from any fraud or collusion between him and the administratrix. Of course, it is well settled that a purchase by an executor, administrator, or other trustee at his own sale is voidable at the election of the heirs or others interested, if they move within a reasonable time after the sale to set the same aside. *Moore* v. *Carey*, 116 *Ga.* 28. In *Reed* v. *Aubrey*, 91 *Ga.* 435, it was held that an agent to sell land could not sell it to his wife; Mr. Justice Lumpkin using in the opinion this language: " The principle which renders an agent incompetent to purchase from himself renders him alike incompetent to sell to his wife. As he is forbidden to purchase that which another has entrusted him to sell, for the reason that the temptation to take care of himself will override the duty he owes to his principal, it requires no great amount of reflection to perceive that he will ordinarily be influenced by the same motive in selling to his wife. It is hardly possible for a wife to make an advantageous contract of any kind without more or less benefit therefrom resulting to the husband. In this sense, as in many others, ' the twain are one flesh,' and the selfishness and desire for gain common to most mortals makes it expedient to prevent a husband and wife dealing between themselves with the property of another, of which the husband has charge in a fiduciary capacity." The decision just cited was dealing with a sale at public outcry after due advertisement. In the case of *Moore* v. *Carey*, supra, although the point was not directly involved, it was assumed that the principle of the decision in the *Reed* case would prevent a wife from purchasing at an administrator's or executor's sale had by a husband. We can see no reason why the decision should not apply to such a case. If anything, the principle is applicable to such a case for stronger reasons than to the case of a sale by an ordinary agent. An administrator or executor is a trustee invested with a solemn trust to manage the estate under his control to the best advantage of those interested in it; and if he undertakes to sell the property of the estate, it is his bounden duty to do everything in his power to make it bring as large a price as possible. Nothing can be tolerated which comes into conflict or competition with the interests and welfare of those interested in the estate. An administrator has the right and it is his duty to withdraw the property from sale, if it becomes apparent that it is about to be sacrificed

for a sum largely below its real value. The temptation not to exercise this right might militate strongly against the interests of the estate where a wife or a husband was the bidder. A husband is too close to his wife and too much interested in her welfare and the success of her undertakings to be allowed to make contracts with her in reference to the property of an estate which he represents as trustee. And a wife, for the same reasons, and perhaps for the additional reason that she is presumed to be largely under the influence of her husband so far as matters of business are concerned, can not be allowed to sell to her husband property of an estate which she has taken a solemn oath to well and truly administer to the best interests of the beneficiaries. The wife is not permitted to sell her own property to her husband without an order of court. Civil Code, § 2490. For similar reasons she should not be allowed to sell to him the property of others. In our opinion such a sale stands on exactly the same footing as a purchase made directly by the executor or administrator, or by some one in his behalf. We are aware that the contrary has been held in Crawford v. Gray, 131 Ind. 53, but we can only say that we do not think this decision is in accordance with sound policy. The Supreme Court of Pennsylvania seems to have entertained the same view of the question that we do. Dundas's App., 64 Pa. St. 325, 332.

3. The petition as it originally stood prayed for a cancellation of the deed and bills of sale made by the administratrix to her husband, and, besides a prayer for general relief, contained other prayers which it is unnecessary to specially mention. By amendment a prayer was added to the effect that plaintiffs recover from the defendants the full value of the personalty illegally sold, with interest thereon, and the rents and profits of the land which had accrued since the sale. As will have been noticed, no question is before us as to the propriety of allowing this amendment; nor is any question raised as to the form or sufficiency of the pleadings. The only judgment before us for review is that overruling the defendants' motion for a new trial. What is said, therefore, is to be construed in the light of these facts. The court directed the jury to find that the deed and bills of sale be cancelled, and also to find for the plaintiffs 4/6 of the rental value of the land since the sale and a like proportion of the value of the personalty bought by the husband of the administratrix. The jury found in accordance with

this direction, fixing the amount which the plaintiffs were entitled to recover as rent and for the value of the personalty at $340.49. There was no dispute as to the interests of the plaintiffs in the estate, if they were entitled to recover at all.    It is contended that the remedy of the plaintiffs was to have the sale set aside, and that upon this being done the property should be turned over to the administratrix to be sold by her under the order of the court of ordinary; that the plaintiffs could not withdraw from the estate any money or property belonging to it until the debts were paid and the estate was ready for distribution.    This contention would be sustainable had the administratrix pleaded and proved that there were debts due by the estate, or that for any other reason it was necessary for the administratrix to retain control of the property. But she did not do this.    She and her husband both relied upon the validity of the sale to the husband, and they offered no defense to the plaintiffs' prayers in the event the sale was found to be invalid.    So far as appears from her plea, there is no necessity for the administratrix to continue further to manage the estate.    The decree of the court in this case followed the verdict, and the verdict was warranted by the evidence.    Whether or not the plaintiffs could, as matter of law, have obtained in this case the relief which they sought and had the property of the estate distributed among the heirs at law, if proper objections had been made, we do not decide.    See, however, in this connection, *Shine* v. *Redwine*, 30 *Ga.* 780; *Candler* v. *Clarke*, 90 *Ga.* 550, 554; *Pirkle* v. *Cooper*, 113 *Ga.* 828 (5); *Oliver* v. *Powell*, 114 *Ga.* 599.    All we hold is that a verdict setting aside the deed and bills of sale was demanded by the evidence, that the verdict was warranted as to the amount found in favor of the plaintiffs, and that there was no error requiring the granting of a new trial.

*Judgment affirmed.    All the Justices concur.*