ELLIS, administrator, *v.* HOGAN, administrator, *et al.*

GEORGE, J. 1. The relation of stepmother and stepchild is not a confidential one; at least a confidential relation does not necessarily exist between stepmother and stepchild. Cf. *Crawford* v. *Crawford*, 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932).

2. Yet where the head of a family died intestate, leaving a widow and three adult children by a former marriage as his sole heirs at law, and an estate consisting principally of two separate improved city lots of nearly equal value; and where the children, who were shown to be upon friendly terms with the stepmother, informed her fully of her right to a year's support and of her legal rights in the estate, and suggested a friendly division of the estate, without administration, proposing that she take one city lot and they the other, and she requested time to consider the proposition, agreeing and promising to "let the children know" her decision as soon as she made up her mind about the matter, upon which promise the children relied, the peculiar circumstances of the case created a duty on the stepmother to advise the children of her decision concerning a division of the estate.

39

3. Accordingly, where, in violation of such agreement and without notice to the children other than the publication of a citation to show cause as required by the statute, the widow procured the court of ordinary to set apart to her the whole of the estate for a year's support, a court of equity, on an appropriate application timely made, will set aside the judgment for year's support for fraud in its procurement; especially where, as in this case, it appeared that the children had in fact no actual knowledge of the year's-support proceeding until after final judgment, and that the appraisers (who were appointed on the suggestion of the widow and a confidential adviser) valued the estate at $500, when in fact the estate was worth $1200, and the amount of the judgment for year's support was grossly excessive.

4. The evidence for the petitioners tended to establish the foregoing state of facts; and the verdict setting aside the judgment for year's support was not without evidence to sustain it. Some of the evidence admitted upon the trial was irrelevant and immaterial, but it was clearly harmless.

5. The charge of the court to the jury on the question of fraud was authorized by the evidence and the pleadings. · The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the ·Justices concur, except Atkinson, J., dissenting.*

No. 272. FERBUARY 12, 1918.

Equitable petition. Before Judge Ellis. Fulton superior court. March 10, 1917.

*C. P. Goree,* for plaintiff in error.    *W. R. Hammond,* contra.