24699. DURRENCE, Executor, et al. v. DURRENCE.

ARGUED JUNE 10, 1968—DECIDED SEPTEMBER 24, 1968—
REHEARING DENIED OCTOBER 10, 1968.

*Sharpe, Sharpe, Hartley & Newton, W. Ward Newton, J. Max Cheney,* for appellants.

*Alvin L. Layne, John P. Rabun,* for appellee.

ALMAND, Presiding Justice. D. L. Durrence, Jr. brought his amended petition against Segal Durrence individually and as executor of the will of D. L. Durrence, Sr., deceased, alleging, in substance, that: On or before December 1, 1952, D. L. Durrence, Sr., father of plaintiff and defendant, owned a certain described 336-acre tract of land in Tattnall County, Georgia. On or about Demember 1, 1952, D. L. Durrence, Sr. did point out the boundaries of said 336-acre tract to D. L. Durrence, Jr. and did at that time make an oral gift of said land to D. L. Durrence, Jr. On or about December 29, 1952, D. L. Durrence, Sr. did execute and deliver to his son, D. L. Durrence, Jr., a fee simple deed conveying said tract of land to him in confirmation of the oral gift. A substantial copy of this gift deed to the plaintiff was attached to the petition. D. L. Durrence, Sr. was 62 years of age in 1952, and he was at that time planning his estate by dividing most of his land among his eight children, and it was his practice to make gifts in this manner in anticipation of death. Plaintiff in reliance upon this gift went into possession and made valuable improvements to the land, and these acts were known to the defendant, Segal Durrence. The deed from D. L. Durrence, Sr. to D. L. Durrence, Jr. of this

tract of land has been lost, stolen or destroyed without any fault of the plaintiff. All members of the Durrence family including the defendant, Segal Durrence, recognized the plaintiff's ownership of the tract of land in question. In October of 1960, D. L. Durrence, Sr. died and Segal Durrence was named executor in his will. Several days after the death of D. L. Durrence, Sr., the defendant claimed he owned the land in question by virtue of a deed from D. L. Durrence, Sr., but said deed was not recorded. Plaintiff asserts that this deed to Segal Durrence was obtained through fraud and trickery in that Segal Durrence knew of the prior gift and deed to the plaintiff. The fraud and trickery of the defendant consisted of the act of inducing his father to make him a deed to property which D. L. Durrence, Sr. had already conveyed to the plaintiff and in keeping the subsequent deed to the defendant unrecorded and a secret from plaintiff until after the death of D. L. Durrence, Sr. The deed to Segal Durrence from D. L. Durrence, Sr. is void because Segal Durrence was aware of the prior conveyance to plaintiff.

Plaintiff prayed that the deed from D. L. Durrence, Sr. to Segal Durrence be canceled and that the title to the land in question be declared to be in D. L. Durrence, Jr.

Defendant filed demurrers and an answer to the petition. All but one of the demurrers were overruled, and this defect was cured by amendment. The case came on for trial, and the jury returned a verdict in favor of the plaintiff, D. L. Durrence, Jr. On June 7, 1967, the verdict of the jury was made the judgment of the court thereby declaring the deed from D. L. Durrence, Sr. to Segal Durrence void and vesting title to the land in question in D. L. Durrence, Jr.

The defendant appeals from this adverse ruling enumerating 21 grounds of error.

■ In two grounds of alleged error, the defendant contends that the trial court erred in overruling his original and renewed demurrers to the plaintiff's allegations of fraud and trickery. Defendant asserts that these allegations are mere conclusions of the pleader. However, the allegations of the plaintiff's amended petition sufficiently set out the specific acts and conduct which he alleged constituted fraud and trickery, and the trial court properly overruled the defendant's demurrers.

■ Defendant complains of the trial court's denying his special motion to withdraw the issue of trickery from the consideration of the jury and charging the jury on the subject of fraud by reading to them the allegations of the petition because there was an absence of any evidence to support the existence of fraud and trickery. This complaint is without merit.

"Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." *Code* § 37-706. " 'Since proof of fraud is seldom if ever possible by direct evidence, recourse to circumstantial evidence is a necessity, and there is no kind of action wherein it can be held with greater reason that the fact in issue may be inferred from other facts proved than in cases of this character. Circumstances apparently trivial or almost inconclusive, if separately considered, may by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof.' " *Eberhardt v. Bennett,* 163 Ga. 796, 802 (137 SE 64).

The evidence presented on the issue of fraud can be summarized as follows: In and about 1952 it was D. L. Durrence, Sr.'s practice to give his land to his children in the manner in which D. L. Durrence, Jr. allegedly received a deed from his father to the land in question. This alleged deed to D. L. Durrence, Jr. as well as similar gift deeds to the other seven Durrence children were kept in envelopes in D. L. Durrence, Sr.'s home with all the children having access to these envelopes. Several witnesses testified that within two to five weeks before D. L. Durrence, Sr.'s death, they had gone to his house and examined the deeds, and the deed from D. L. Durrence, Sr. to D. L. Durrence, Jr. to the land in question was in D. L. Durrence, Jr.'s envelope. Shortly after D. L. Durrence, Sr.'s death, Segal Durrence as executor of his estate distributed these envelopes, and the alleged deed to D. L. Durrence, Jr. to the land in question was not in D. L. Durrence, Jr.'s envelope. The defendant testified that he obtained all the envelopes containing the deeds, and if he had wanted to, he was free to destroy this deed to D. L. Durrence, Jr. had he desired to do so. As to the consideration that Segal Durrence allegedly paid his father for

the land in question, there exists a great deal of confusing testimony. Defendant testified that he paid $13,440 for the land, but the deed shows only $9,000 consideration. Defendant once said that he paid only $9,000 for the land, and on an amended income tax return filed by the defendant on behalf of D. L. Durrence, Sr. as executor of the estate, the sale price was given as $9,000. On still another occasion the defendant said he paid the amount in cash, and later claimed he paid in cash and checks producing the alleged checks which constituted a portion of the payment. There was testimony that these checks were given to D. L. Durrence, Sr. by Segal Durrence as the payment of a fertilizer bill, and Segal Durrence admitted owing his father money at the time these checks were given. Several witnesses testified that they knew D. L. Durrence, Jr. owned the land in question, that Segal Durrence knew this fact and that on several occasions he stated to others that D. L. Durrence, Jr. owned this land. On the night when he distributed the envelopes to the other Durrence children, the defendant said he purchased the land in question about two years before his father's death, but the defendant's testimony was that he received a deed for the land about two weeks before his father's death.

Certainly, from this cursory summary of the pertinent portions of this lengthy record, it can be easily detected that the evidence presented was sufficient to give rise to the issue of fraud. Therefore, the trial judge did not err in denying the defendant's motion to remove the issue of fraud or in charging the jury on the subject of fraud.

■ Defendant contends it was error to overrule his motion for directed verdict and motion for judgment notwithstanding the verdict. The defendant asserts that the evidence demanded a verdict in his favor in that there was an absence of evidence to support the plaintiff's position on the issues of (1) fraud on the defendant's part, (2) delivery of the alleged gift deed to D. L. Durrence, Jr. by D. L. Durrence, Sr., and (3) actual notice to Segal Durrence of the prior deed to D. L. Durrence, Jr. from D. L. Durrence, Sr. conveying the land in question.

This assertion is not supported by the record. Our discussion in the preceding division reveals that the issue of fraud is amply

supported by the evidence. As to whether or not the deed in question was delivered to D. L. Durrence, Jr. by D. L. Durrence, Sr., there was testimony by one witness that D. L. Durrence, Sr. in her presence handed this deed to D. L. Durrence, Jr., and several witnesses stated that D. L. Durrence, Jr. had the deed in his possession. Several witnesses testified that all the deeds to the Durrence children were delivered and that these deeds were given back to the father to keep. Further, on the issue of whether or not Segal Durrence had actual notice of D. L. Durrence, Jr.'s ownership of the land in question, there was testimony of several occasions when Segal Durrence admitted that he knew the defendant, D. L. Durrence, Jr. owned this land.

A thorough examination of the record discloses an abundance of evidence in support of each of these issues, and the evidence did not demand a verdict in favor of the defendant. The trial court properly denied the defendant's motion for directed verdict and motion for judgment notwithstanding the verdict.

Furthermore, we are of the opinion that the evidence in the instant case sufficiently supports the jury's verdict in favor of the plaintiff, and the trial court properly denied the defendant's motion for new trial on the general grounds.

■ Defendant assigns error on the admission into evidence of (1) testimony by D. L. Durrence, Jr. of improvements he made upon the land in issue prior to D. L. Durrence, Sr.'s death, and (2) copies of the purported lost deed from D. L. Durrence, Sr. to D. L. Durrence, Jr.

The testimony of D. L. Durrence, Jr. concerning the improvements he made upon this land prior to D. L. Durrence, Sr.'s death was not objected to by the defendant. In fact, counsel for defendant said "we had no objections to it" referring "to what improvements he [D. L. Durrence, Jr.] made upon this land." The failure to object to evidence when it is offered is a waiver of the objection. *Brown v. Robinson,* 25 Ga. 144.

Defendant contends the copies of the purported deed from D. L. Durrence, Sr. to D. L. Durrence, Jr. were inadmissible because they were not properly authenticated in that the subscribing witnesses could not identify the instrument. However, the purported copies were identified by several witnesses who

■

had read, seen and were familiar with the deed. Said copies of the deed were properly authenticated and admitted into evidence, and the fact that the two subscribing witnesses could not recall having witnessed this deed some fifteen years earlier goes only to the weight of the evidence and not to its admissibility.

■ Error is enumerated on numerous portions of the trial court's instructions to the jury. We have examined each and every one of these alleged errors in charging the jury, and we are of the opinion that none of the enumerated charges to the jury constituted error as a matter of law. The trial court properly instructed the jury on a complex and involved factual situation.

With the judgment of the trial court being affirmed in the instant case, it becomes unnecessary to rule upon the plaintiff's motion to dismiss the defendant's appeal.

*Judgment affirmed. All the Justices concur.*