26911. LEWIS v. LEWIS et al.

GUNTER, Justice. 1. "For sufficient cause, and with proper parties, a court of equity has jurisdiction to set aside a judgment rendered by the court of ordinary in a year's support proceeding; and such a proceeding is a direct and not a collateral attack upon the year's support judgment." *Hogg v. Hogg,* 206 Ga. 691 (1) (58 SE2d 403).

2. "A judgment obtained by fraud is void and may for that reason be set aside by a court of equity." *Hogg v. Hogg,* supra, (2); *Code Ann.* § 81A-160 (e) (Ga. L. 1966, pp. 609, 662, as amended).

3. "As a general rule, equity will grant no relief to one against whom an unfavorable judgment has been rendered, even in consequence of fraud, where the aggrieved party could have prevented the return of such a judgment by the exercise of proper diligence; but this rule is not applicable where there is a confidential or fiduciary relation between the parties. In such a case the law requires the utmost good faith, and the parties are not required to anticipate or watch for fraud." *Hogg v. Hogg,* supra (3); *Code Ann.* § 81A-160 (e).

4. Although "a confidential relation does not necessarily exist between stepmother and stepchild," yet such a relation may appear in the circumstances of a given case. *Ellis v. Hogan,* 147 Ga. 609 (1, 2) (95 SE 4).

5. In the present action by two adult stepsons to set aside a judgment of the Fulton County Court of Ordinary allowing to their stepmother a year's support out of the estate of their father, who died intestate, it is alleged as follows: That the plaintiffs, the sole heirs at law, discussed

the estate with the defendant and her attorney, who stated that defendant recognized the plaintiffs' interests in the estate, that she would keep them informed of her acts and doings, and would make distribution in an orderly fashion after she had gathered the assets. That, relying upon this information, plaintiffs waited to be further informed of the defendant's decision. That, in violation of this agreement with plaintiffs and without notice to them other than the publication of a citation in the Fulton County Daily Report, defendant procured in the court of ordinary a judgment setting apart to her the entire estate of her deceased husband for a year's support. That, after the final judgment, it came to the plaintiffs' attention that defendant had filed the application and obtained the judgment. That the application stated that the estate was valued at $30,000, which full amount was set aside to defendant, whereas this award was grossly excessive in that the decedent at the time of his death was not earning that amount; that defendant had orally agreed with plaintiffs that they were entitled to a child's part in the estate and had agreed to distribute the same to them; that plaintiffs had inquired of defendant and her attorney as to what progress was being made, whereupon the attorney had answered that it would be at least another month before he would be in a position to give any accurate information; and that plaintiffs had never received any further information from defendant or her attorney.

The above allegations were sufficient, as against the defendant's motion to dismiss, to state a claim for the setting aside of the year's support judgment. Under evidence which might be adduced to support these allegations, a jury might find, as in *Ellis v. Hogan,* 147 Ga. 609, supra, that such a confidential relationship existed as to have created a duty on the defendant to have given the plaintiffs actual notice of her intention to apply for a year's support.

The allegations of the complaint, construed in favor of the

plaintiffs, showed that plaintiffs did not have actual notice of the year's support proceedings in time to impose objections thereto in the court of ordinary.

The judgment overruling the motion to dismiss is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 11, 1972—DECIDED FEBRUARY 28, 1972.

*Morris, Etheridge, Redfern & Butler, E. Lee Redfern, John William Brent, John C. Tyler,* for appellant.

*Isabel Gates Webster,* for appellees.