## 30887. RINGER v. LOCKHART.

INGRAM, Justice.

This is an equitable action to set aside a year's support award alleged to have been obtained by fraud. A judgment on the pleadings was granted to the defendant and the plaintiff appeals from the final judgment.

Plaintiff's father's will named plaintiff's stepmother as executrix under his will. Under that will, plaintiff's stepmother was to receive a life estate in certain property and the remainder interest was devised to plaintiff in fee simple. At the father's funeral plaintiff's stepmother represented to the plaintiff that she would handle the estate fairly and that he needn't worry about his father's estate. Letters testamentary were issued to the stepmother on September 7, 1973. Relying on these representations, plaintiff returned to his home in Asheville, North Carolina.

Subsequently, the stepmother applied for a year's support and was awarded the estate in fee simple. Soon thereafter she died leaving a will which named her own natural son as executor and sole beneficiary. Plaintiff brought this action against the son of his stepmother as executor and individually alleging that the year's support award was procured by fraud and should be set aside for that reason. The defendant made a motion for a judgment on the pleadings and the trial court granted the motion.

A court of equity can set aside a year's support judgment which was procured by fraud. See, e.g., *Ellis v. Hogan,* 147 Ga. 609 (95 SE 4) (1917). One of the things that can be considered by a court of equity in determining whether alleged conduct amounts to actionable fraud is whether or not a confidential relationship existed between the two people involved. See, e.g., *Lewis v. Lewis,* 228 Ga. 703 (187 SE2d 872) (1972). There are two possible confidential relationships stated in this complaint—the relationship of stepson-stepmother, and of beneficiary-executrix. See *Hogg v. Hogg,* 206 Ga. 691 (58 SE2d 403) (1950); *Lewis v. Lewis,* supra, (4); *Watkins v. Donalson,* 217 Ga. 524 (123 SE2d 728) (1962); and see also

*Allan v. Allan,* 236 Ga. 199, 206, fn. 1 (223 SE2d 445) (1976).

In a grant of a motion for judgment on the pleadings, the pleadings must show on their face that the plaintiff cannot prove a state of facts under which he will prevail. *Tri-City Sanitation v. Action Sanitation Service,* 227 Ga. 489 (181 SE2d 377) (1971). It was error to grant the judgment on the pleadings.

Plaintiff has raised another issue in the trial court and on appeal. There was no actual notice given to him of the 1973 year's support proceeding. Plaintiff urges this court to apply the due process notice rule announced by this court in *Allan v. Allan,* supra. This court said in *Allan v. Allan* that the rule would only be applied to year's support applications filed after the date of that decision. We reaffirm our decision to apply the rule announced in *Allan* from the effective date of that decision. Although *Allan* is not applicable to the present case, the judgment of the trial court will be reversed for the reasons stated in this opinion.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

Submitted March 15, 1976 — Decided June 30, 1976.

*Tom Cain,* for appellant.
*James W. Garner,* for appellees.

Gunter, Justice, concurring and dissenting.

I agree that the judgment below must be reversed, but I would reverse the judgment on the basis of the rule recently laid down by this court in *Allan v. Allan,* 236 Ga. 199 (203 SE2d 445) (1976).

This appeal is from a judgment on the pleadings rendered in the trial court in favor of the defendant-appellee. The appellant here brought the action below in the superior court to set aside a judgment of the court of ordinary that had awarded a year's support to a widow and had divested appellant of his remainder interest in the property awarded to the widow.

Appellant's father died on August 25, 1973; the will

named his widow, the testator's second wife and stepmother of the appellant, executrix of the estate; the widow was left a life estate in all of the testator's property with remainder over to the appellant; after the testator's funeral the appellant returned to his home in Asheville, North Carolina; on September 7, 1973, letters testamentary were issued to the widow; on September 11, 1973, the widow instituted a year's support proceeding and gave notice thereof by publication; the year's support judgment was entered on November 5, 1973, and appellant alleged that he had no actual notice of the proceedings or the judgment; the widow thereafter died; and the appellee here is her son by a previous marriage, the executor of her estate, and the sole beneficiary under her probated will.

Appellant filed his complaint on September 18, 1975, and also filed a notice of lis pendens against the realty that he contends that he was divested of by virtue of the year's support judgment.

The appellee filed responsive pleadings and moved for judgment on the pleadings.

The trial judge conducted a hearing, did not receive evidence but heard argument of counsel only, and then granted appellee's motion for judgment on the pleadings. The hearing was transcribed, and the trial judge concluded it with this statement: "Well, I am going to sustain the motion, I don't think you are entitled to attack, I believe there is enough shown to show that she only did what she was entitled to have done under the law to do, and it may be harsh, but it's her right, that will make it simple, you can take it up and test the constitutionality of these issues, I don't believe that they are imposing so far as this particular case is concerned. I don't believe they are, you can prepare an order on it, Mr. Garner (appellee's attorney)." The judgment was entered November 24, 1975.

Appellant's fourth enumerated error is that the trial judge erred in holding that the year's support proceeding is not unconstitutional "in the instant case."

I conclude that the instant case is controlled by the recent decision of this court rendered in *Allan v. Allan,* supra, even though we specifically gave prospective

application to the rule there set forth. *Allan* was argued October 14, 1975, decided January 28, 1976, and rehearing was denied February 11, 1976. The "constructive service issue" was pending in the trial court in the instant case during this time span; the judgment in the instant case was rendered November 24, 1975; and the instant case was docketed in this court on January 16, 1976, prior to the decision rendered in *Allan*.

Under these circumstances, I would hold that the *Allan* rule is equally applicable in this case, and that appellee's motion for judgment on the pleadings should not have been sustained.