## 32331. RINGER v. LOCKHART et al.

PER CURIAM.

This is the second appearance of this case before the court. In *Ringer v. Lockhart,* 237 Ga. 166 (227 SE2d 57) (1976), we reversed an order of the trial court, holding that the pleadings did not show on their face that the plaintiff could not prove a state of facts under which he could prevail.

The defendants subsequently filed a motion for

summary judgment, which was granted, and the plaintiff-appellant again appeals to this court.

Where a defendant files a motion for summary judgment, in order for him to prevail, he must through uncontroverted evidence, by affidavits, depositions, interrogatories or otherwise, effectively pierce any state of facts contained in the plaintiff's complaint, or that may be proven in connection therewith, so as to preclude as a matter of law the plaintiff's right to prevail. The allegations of both the petition and the answer must be taken as true in a summary judgment case unless the movant successfully pierces the allegations so as to show that no material issue of fact remains. *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783 (195 SE2d 277) (1972).

"Until the moving party produces evidence or materials which prima facie pierce the pleadings of the opposing party, no duty rests upon the opposing party to produce any counter evidence or materials in affirmative support of its side of the issue as made in the pleadings." *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (2) (170 SE2d 737) (1969). Where the pleadings make a factual issue, a summary judgment may not be granted unless the depositions and affidavits pierce the allegations of the pleadings. *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309 (138 SE2d 433) (1964). The burden of proof to show that there was no genuine issue of material fact rests on the party moving for summary judgment, irrespective as to which party would have the burden of proof at trial on the issue involved. *Price v. B-Line Systems,* 129 Ga. App. 34 (198 SE2d 328) (1973). All evidence and materials submitted on motion for summary judgment, including the testimony of the parties, must be construed most strongly against the movant. *Giant Peanut Co. v. Carolina Chemicals,* 129 Ga. App. 718 (1) (200 SE2d 918) (1973).

The defendant-appellee's motion and supporting evidence have not met the above tests in this case. Plaintiff-appellant's cause of action is based on fraud, and while fraud may not be presumed, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence. Code Ann. § 37-709. *Durrence v. Durrence,*

224 Ga. 620 (163 SE2d 740) (1968).

Fraud may be consummated by signs or tricks, acts or silence, concealment when there is a duty to disclose, or by any other unfair way used to cheat another. Code Ann. §§ 37-705 and 105-304.

A confidential relationship exists where one party occupies a position of trust and confidence with respect to another. Such a relationship can exist between an executor representing an estate of a decedent, and a legatee or devisee of the estate represented in administration. *Dorsey v. Green,* 202 Ga. 655, 658 (44 SE2d 377) (1947); *Larey v. Baker,* 86 Ga. 468, 474 (12 SE 684) (1890); Code Ann. § 37-708.

An administrator (or executor) ". . . is an administrative representative of the deceased, with property and testamentary rights. It [he or she] is a quasi court officer. . .[i]t has the sacred duty of standing in the place of the deceased and administering his estate as directed." *Dobbs v. First Nat. Bank of Atlanta,* 65 Ga. App. 796 (16 SE2d 485) (1941).

"[I]t is generally, if not always, humanly impossible for the same person to act fairly in two capacities and on behalf of two interests in the same transaction. Consciously or unconsciously he will favor one side as against the other, where there is or may be a conflict of interest. If one of the interests involved is that of the trustee personally, selfishness is apt to lead him to give himself an advantage. If permitted to represent antagonistic interests the trustee is placed under temptation and is apt in many cases to yield to the natural prompting to give himself the benefit of all doubts, or to make decisions which favor the third person who is competing with the beneficiary." Bogert, Trust and Trustees, § 543 at pp. 475-476 (2d Ed. 1960). See also II Scott, Trusts, p. 1297, § 170 (3d Ed. 1967).

Under these circumstances, the beneficiary need only show that the fiduciary allowed herself to be placed in a position where her personal interests might conflict with the interests of the beneficiary. It is unnecessary to show that the fiduciary succumbed to this temptation, that she acted in bad faith, that she gained an advantage, fair or unfair, or that the beneficiary was harmed. Such

conduct by the fiduciary will not be tolerated by the court. The executrix-trustee must avoid being placed in such a position. If she cannot avoid being placed in such a position she may resign, or she may fully inform the affected beneficiary of the conflict or upon so informing the court, she may request the court to appoint a guardian ad litem to protect the unprotected interests. Where she fails to do any of these things she proceeds at her peril.

This court held in *Lowery v. Idleson,* 117 Ga. 778, 780 (45 SE 51) (1903), that, "[A]n administrator or executor is a trustee invested with a solemn trust to manage the estate under his control to the best advantage of those interested in it; and if he undertakes to sell the property of the estate, it is his bounden duty to do everything in his power to make it bring as large a price as possible. Nothing can be tolerated which comes into conflict or competition with the interests and welfare of those interested in the estate."

In *Haley v. Atlantic Nat. Fire Ins. Co.,* 151 Ga. 158, 163 (106 SE 122) (1920), this court said: "The broad rule of equity, applicable alike to agents, partners, guardians, executors . . . is that it is the duty of a trustee not to accept any position or to enter into any relation or to do any act inconsistent with the interest of the beneficiary."

We also said in *Clark v. Clark,* 167 Ga. 1, 5 (144 SE 787) (1928), that, "[W]henever he . . . has placed himself in a position that his personal interest has or may come in conflict with his duties as trustee, . . . a court of equity never hesitates to remove him. In such circumstances the court does not stop to inquire whether the transactions complained of were fair or unfair; the inquiry stops when such relation is disclosed."

We concede that the rights of the widow to a year's support are a paramount claim against an estate and indeed the statute so provides. On the other hand, it was never intended by the legislature or by the courts, that because of her priority she could take an unfair advantage of the estate, and this she might easily do where she also represents the estate's interest in her dual capacity as executrix.

Where a widow and named executrix under the will of a decedent, who is left a life estate in all of the property

of the decedent, advises the sole nonresident remainderman named in the will that the father's estate would be handled fairly and that he would not have to worry about his father's estate, immediately, without actual notice to him applies for and obtains an uncontested year's support awarding to her all of the property of the decedent's estate, a question is presented, as to whether or not the year's support judgment was obtained by fraud.[1] *Lewis v. Lewis*, 228 Ga. 703 (3) (187 SE2d 872) (1972); *Hogg v. Hogg*, 206 Ga. 691 (58 SE2d 403) (1950).

The trial court erred in granting to defendant a motion for summary judgment.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED JUNE 13, 1977 — DECIDED OCTOBER 21, 1977 —
REHEARING DENIED NOVEMBER 1, 1977.

*Tom Cain,* for appellant.
*James W. Garner,* for appellees.

JORDAN, Justice, dissenting.

I would agree that the widow sustained a confidential relationship to the plaintiff by reason of their executrix-devisee relationship, which required that she deal with him in utmost good faith. *Ringer v. Lockhart*, 237 Ga. 166 (227 SE2d 57) (1976).

It is contended by the plaintiff that because of this confidential relationship and the statements made by her to him a short time after his father's death, it was

---

[1] Especially would this be true where the applicant for year's support and the executrix representing the estate's interest are one and the same and the attorney employed for the estate also represents the widow in her year's support proceedings. See *Tilley v. King*, 190 Ga. 421 (2) (9 SE2d 670) (1940); *Bugg v. Chevron Chemical Corp.*, 224 Ga. 809 (165 SE2d 135) (1968).

Whose interest was represented, the widow's or the estate's?

fraudulent for her to apply for a year's support without giving him actual notice. The only evidence of statements by the widow to the plaintiff was in his deposition. He stated that she said to him, "Ken, I just want you to know, you don't have a thing to worry about, everything will be handled fairly."

The plaintiff relies on the following cases: *Ellis v. Hogan,* 147 Ga. 609 (95 SE 4) (1918); *Johnson v. Bogdis,* 205 Ga. 535 (54 SE2d 620) (1949); *Hogg v. Hogg,* 206 Ga. 691 (58 SE2d 403) (1950); *Lewis v. Lewis,* 228 Ga. 703 (187 SE2d 872) (1972).

The trial judge in his order granting summary judgment to the defendant found that the statement by the widow in the present case was not comparable to the agreements, promises, or representations held to allege a case of fraud in the cases relied on by the plaintiff, and further that the plaintiff did not allege that the year's support award was excessive or the estate undervalued.

In all of the cases relied on by the plaintiff it was alleged that the widow had made statements to the heirs or devisees that she would keep them informed as to her actions concerning the estate, or that she would not ask for a year's support, or that the year's support application would not affect their interest in the estate. It was alleged in each case that the year's support awarded to the widow was excessive.

In the present case the widow had a legal right to apply for a year's support. Her statement to the plaintiff, that he did not have anything to worry about, that everything would be handled fairly, would not prevent her, without fraud, from applying for a year's support from her husband's estate, without notifying the plaintiff. The plaintiff did not allege that the property awarded to the widow was excessive as a year's support, nor did he introduce any evidence on the motion for summary judgment to show that it was excessive. The plaintiff showed no defense that he would have had to the year's support application if he had been notified. It would be necessary that he have a good defense to that proceeding in order to set the judgment aside. Code § 37-220.

The evidence on the motion for summary judgment, when construed most favorably to the plaintiff, did not

make an issue of fact for determination by a jury. In my opinion the trial judge did not err in granting summary judgment to the defendant.