### 54686. KELLY et al. v. CUBBEDGE.

WEBB, Judge.

Georgia Cubbedge entered into two written sales contracts with the appellant builders, at that time operating under the name of Outdoor Properties, Inc., to purchase a home and lot in the Northlake Creek Subdivision, and a supplemental agreement allowing her to move into the house before the proposed closing date of May 15, 1975. Mrs. Cubbedge moved into the house on January 1, 1975, and on January 2 the construction loan went into default. It was understood by Mrs. Cubbedge from the wording in the supplemental agreement and statements of the appellants that Outdoor Properties would use a portion of the funds paid to it by her to make the necessary payments to the construction loan mortgagee, although she was never informed of the date the construction loan was due. Mrs. Cubbedge paid a total of $7,749.16 in earnest money and other payments, but on August 5 foreclosure proceedings were instituted by the

construction loan mortgagee for nonpayment on the note and deed to secure debt in its favor.

Mrs. Cubbedge brought an action based on fraud for actual and punitive damages. The trial court found that the contracts were unenforceable because of vagueness in their terms of payment; that the monthly payments of $443.13 which Mrs. Cubbedge was making were one dollar more than the monthly interest owed by appellants on the construction loan; that none of the monthly installments made by Mrs. Cubbedge were applied on the interest of the construction loan; that while Mrs. Cubbedge could not expect to live in the house for nothing she could reasonably expect the money to be applied on the construction loan to forestall a possible foreclosure; and that appellants were experienced builders and knew or should have known at the time they took the down payment that the contracts were unenforceable. The court concluded that these facts together with the failure to disclose that the construction loan would become in default the day after allowing Mrs. Cubbedge to move into the house, and the failure to apply any of the money paid them to the interest on the construction loan, constituted fraud, but of such a "subtle nature" that punitive damages would not be awarded.

We affirm. "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Code § 37-706. "Circumstances apparently trivial or almost inconclusive, if separately considered, may by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof." *Eberhardt v. Bennett,* 163 Ga. 796 (1) (137 SE 64) (1927); *Durrence v. Durrence,* 224 Ga. 620 (1) (163 SE2d 740) (1968). The evidence is sufficient to support the judgment of the trial court sitting without a jury, and we will not disturb it. *Hill v. Cockrell,* 141 Ga. App. 39 (232 SE2d 384) (1977).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 6, 1977 — DECIDED OCTOBER 26, 1977 — REHEARING DENIED NOVEMBER 14, 1977 —

*Gershon, Ruden, Pindar & Olim, Max Olim,* for appellants.

*Allen F. Townsend,* for appellee.