**Helen Floy Stabler DUNAWAY and David Stabler, Jr., Plaintiffs,**

v.

**Florice W. CLARK, Defendant.**

**Civ. A. No. CV181–187.**

United States District Court,
S. D. Georgia,
Augusta Division.

April 14, 1982.

Isaac S. Jolles, Jolles & Slaby, P. C., Augusta, Ga., for plaintiffs.

Jim Blanchard, Jr., Larry I. Smith, Augusta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

In this diversity action, plaintiffs Helen Dunaway and David Stabler, Jr., residents of Florida, challenge the propriety of the actions of the defendant Florice Clark acting as executrix and trustee under the Last Will and Testament of the defendant's decedent Henry N. Clark. The defendant filed a motion for summary judgment which is opposed by the plaintiffs through their own motion for summary judgment. From a review of the record, the following undisputed facts emerge:

On or about August 19, 1970, the defendant was duly qualified as executrix of the estate of Henry N. Clark, taking the prescribed executrix's oath, and the Will was probated at that time in the Probate Court of Columbia County, Georgia. At the time of his death, Henry N. Clark owned an interest of approximately fifty-two and five-tenths percent in real property known as the El Cordero Ranch, the defendant owning the remaining forty-seven and five-tenths percent interest. He also held the mortgage on certain real property located in Alexandria, Virginia.

Under Item VIII of Clark's Will, the defendant was named executrix. Under Item IV the plaintiffs and defendant were named as beneficiaries of a certain testamentary trust, the corpus of which was a fifty percent interest in the El Cordero Ranch. Named as trustee, the defendant was given the power to manage, sell, invest, and reinvest the trust funds. Any income arising from the trust was to go to the defendant for her lifetime. At her death, the plaintiffs would receive the trust funds in fee simple. Item III of the Will devised the remaining two and five-tenths percent interest to the defendant.

Under Item V, the plaintiffs were also named beneficiaries of a trust consisting of the mortgage on the Alexandria, Virginia property. Again, the defendant was named trustee.

On or about January 22, 1971, the defendant, as the widow of Henry N. Clark, made application for a year's support to the Probate Court of Columbia County, Georgia. No notice of the application was given to the plaintiffs except by publication. Furthermore, the defendant had no communication with either plaintiff over estate matters. The defendant was awarded a year's support consisting of the fifty percent interest in the El Cordero Ranch, the corpus of the testamentary trust established under Item IV of the Will.

Under these undisputed facts, and others which are still disputed, plaintiffs contend the defendant's application for a year's support was for the purpose of fraudulently depriving the plaintiffs of their share of the estate. The plaintiffs argue that the award was excessive and procured by fraud. It is asserted the defendant, as executrix, was in a position of trust and confidence and, thus, a fiducial relationship existed with the plaintiffs. Defendant breached this fiducial relationship by acquiescing in the award of an excessive year's support and otherwise failing to protect the estate and administer it in accordance with the terms of the Will. Plaintiffs allege further that the defendant breached her duties as trustee in failing to preserve the trust created in Item IV of the Will and to administer it as provided under the Will's provisions. Finally, plaintiffs contend that because of her tortious conduct the defendant is liable to them for punitive damages. It is noted that the suit was filed about ten years after the year's support proceeding.

The critical determination in a motion for summary judgment is the existence or non-existence of a genuine issue of material fact necessitating a trial. Defendant, the movant in this case, asserts that no such issue or issues exist under the facts contained in the record. Defendant, however, as the movant, has the onerous burden of demonstrating that there is no issue in dispute. In determining whether the movant has carried her burden, the Court must review the record of the case in a light favorable to the party opposing summary judgment. Any reasonable doubt is to be resolved in favor of the opposing party.

*Impossible Electronics Techniques, Inc. v. Wackenhut Protection Systems, Inc.,* 669 F.2d 1026 at 1030 (5th Cir. 1982). Even if the parties agree as to the basic facts of the case, if there is a dispute over the proper factual inferences that may be drawn from the basic facts, summary judgment may be inappropriate. Of course, the opposing party is under no duty to submit any evidence in opposition until the movant has carried her burden. *Impossible Electronics, supra* at 1031.

Having noted the principles applicable to a determination of a summary judgment motion, they may now be applied to the motions now before the Court.

## COUNT I

In Count 1 of their complaint, plaintiffs contend that the year's support awarded to the defendant was excessive and fraudulently obtained. It is argued that defendant, by allowing such an award to be made unopposed, violated her duty as executrix to preserve the estate. Plaintiffs allege that defendant represented to them that she, as executrix, would follow the provisions of the Will. Defendant contends, however, she was entitled, as the widow, to receive a year's support notwithstanding the Will, and an application was not so inconsistent with her duties as executrix to suggest fraud.

Thus, the question for the Court, relative to the defendant's motion, is whether the defendant's conduct as the widow was so repugnant and inconsistent with the performance of her duties and responsibilities as executrix to raise a question of fact on the issue of fraud in the procurement of the year's support. In reaching a conclusion, it will be helpful to briefly summarize the duties of an executrix.

The law looks upon an executrix as a type of trustee. *Perdue v. McKenzie,* 194 Ga. 356, 361, 21 S.E.2d 705 (1942). An executrix-beneficiary relationship has been viewed as a confidential one, in which trust and confidence is placed in the executrix. *Ringer v. Lockhart,* 240 Ga. 82, 239 S.E.2d 349 (1977). This is only logical as the exec-utrix has the "sacred duty" of representing the estate and executing the Will according to its directives. *Ringer v. Lockhart, supra.* The executrix is under a duty to manage the estate to the best of her ability to the utmost advantage of the beneficiaries. She must not allow anything to conflict or compete with the interests of the beneficiaries. *Lowery v. Idleson,* 117 Ga. 778, 45 S.E. 51 (1903). As recognized in *Fulton National Bank v. Tate,* 363 F.2d 562, 570 (5th Cir. 1966), the guiding principle in fiduciary relations is "thou shalt exalt thy beneficiary above all others." Accordingly, it is of paramount importance that the executrix avoid placing herself in a position where her personal interests may conflict with those of the beneficiaries. *Ringer v. Lockhart, supra* at 351. She owes the estate an undivided loyalty. *Fulton National Bank v. Tate, supra* at 565.

The integrity of the estate, and the executrix's duty to preserve and administer it under the terms of the Will, is conditioned by the statutory right of the widow to take from the estate a year's support. *Ringer v. Lockhart, supra* ; *Studstill v. Studstill,* 130 Ga.App. 803, 204 S.E.2d 496 (1974); *Walker v. Smith,* 130 Ga.App. 16, 202 S.E.2d 469 (1973); see Ga. Code Ann. § 113–1002. The widow, though she may also act as executrix, may still apply for a year's support despite the apparent conflict. *Walker v. Smith, supra* at 17, 202 S.E.2d 469. An executrix, however, is the proper party to object to an awarding of a year's support. *Hall v. First National Bank of Atlanta,* 85 Ga.App. 498, 69 S.E.2d 679 (1952).

A year's support, once made, is not unassailable but may be set aside for fraud. *Ringer v. Lockhart,* 237 Ga. 166, 227 S.E.2d 57 (1976); *Ellis v. Hogan,* 147 Ga. 609, 95 S.E. 4 (1917). Where a widow, who also serves as executrix, makes some affirmative promise or representation that the terms of the Will will be followed and a year's support is applied for and awarded without opposition from the executrix, without actual notice to the beneficiaries, a

question of fact as to the presence of fraud in the award of the year's support is raised. *Ringer v. Lockhart,* 240 Ga. 82, 239 S.E.2d 349, 352 (1977). This is particularly true in light of the fact that the legislature never intended for the widow to use the right to a year's support to take unfair advantage of the estate because of her superior position. *Ringer v. Lockhart, supra.*

 In this case a similar situation is present. The defendant widow also acted as executrix and did not oppose, as executrix, the award of a year's support. Furthermore, the plaintiffs allege they did not have actual knowledge of the application which was made in the face of a representation that the estate would be administered in accordance with the terms of the Will. Under the holding of *Ringer,* this is sufficient to raise a question of fact as to Count 1 of the complaint.

### COUNT 2

In Count 2 of their complaint, plaintiffs allege that the defendant breached her duties as trustee of the testamentary trust created in Item IV of the Will consisting of a fifty percent interest in the El Cordero Ranch. Plaintiffs allege that defendant profited individually from her mismanagement and fraudulent conduct regarding the trust. The profits arose from her sale of a majority of the El Cordero Ranch, including the trust land set aside as the year's support for the defendant. Plaintiffs seek to have one-half of the proceeds from the sale of any part of the El Cordero Ranch along with one-half of any remaining El Cordero acreage placed in trust for the benefit of the plaintiffs and administered according to the terms of the Will. The defendant contends that the Court is without subject-matter jurisdiction to grant the relief sought. The defendant further contends that she is entitled to summary judgment on Count 2 as she never accepted the trust, and, therefore, cannot be held liable for any breach of duties as trustee.

 Addressing the jurisdictional attack first, it is generally true that a federal court does not have jurisdiction over probate matters. In exercise of its equity jurisdiction, however, a federal court may

entertain suits "in favor of creditors, legatees and heirs" and other claimants against a decedent's estate "to establish their claims" so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court.

*Turton v. Turton,* 644 F.2d 344, 347 (5th Cir. 1981) (quoting *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946)). Another exception to the general rule excluding probate matters is present "where a state by statute or custom gives parties a right to bring an action in courts of general jurisdiction. *Moore v. Lindsey,* 662 F.2d 354, 361 (5th Cir. 1981). In Georgia, an action can be brought in a court of equity to set aside an award of a year's support for fraud. *Lewis v. Lewis,* 228 Ga. 703, 187 S.E.2d 872 (1972). Equity jurisdiction is vested in the superior courts which also are courts of general jurisdiction. Ga. Code Ann. § 24–2615; § 37–101.

 The action at bar is essentially one to set aside a year's support for fraud. Since an action for this type could be brought in the superior courts of this state, a court of general jurisdiction, it may be brought in federal court under the *Moore* exception, assuming, of course, that all other jurisdictional prerequisites have been satisfied. Moreover, the relief sought by plaintiffs is not beyond the power of this Court to grant. Federal courts may grant such equitable relief as is permissible under principles recognized by state law. *Harris v. Pollock,* 480 F.2d 42 (10th Cir. 1973). In this regard, Ga.Code Ann. § 37–105 permits a court of equity to grant such full relief as justice requires. *See Fine v. Saul,* 183 Ga. 309, 188 S.E. 439 (1936).

 As a final note, although this case falls within the *Moore* exception, it should be pointed out that the exercise of equity jurisdiction in this case will not interfere with any probate proceedings, the administration of the estate, or divest the

state court of jurisdiction over the estate. *See Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946). The subject property of this action was set apart from the estate as year's support. When that occurred, the title to the property vested in the defendant and beyond the control of the executrix. Ga.Code Ann. § 113–1006. Accordingly, consideration of this action will not constitute the type of intervention in probate matters proscribed in *Markham*.

The defendant asserts that she is entitled to summary judgment on Count 2 because she never accepted the duties as trustee of the El Cordero trust. She, therefore, cannot be held liable for any breach of duty.

█ Under Georgia law, a person must accept a trust before he or she is considered the trustee. No magic words are necessary to constitute acceptance, as acts will suffice to effect acceptance. Ga. Code Ann. § 108–313. In *Freeman v. Brown*, 115 Ga. 23, 41 S.E. 385 (1902), it was held that any interference with the trust property, unless such interference stems from some other ground of action, constitutes an acceptance of the trust. The purported trustee has the burden of showing that her actions were not in the guise of discharging the duties of the trustee.

█ In the case at bar, the record contains copies of the deed of sale to a portion of the El Cordero Ranch, of which an undivided fifty percent constituted the corpus of the trust. Although the corpus was set aside as year's support, the defendant signed the deed as "trustee of any trust under said estate." Also an accounting of the estate returned by the defendant as executrix in November, 1978, shows a disbursement of money to the defendant as "Trustee under the Will of Henry N. Clark." It is apparent that the defendant is the trustee of at least one of the two trusts created by the Will of Henry Clark. The warranty deed contained in the record suggests that the defendant acted as trustee for the El Cordero trust. Under the holding of *Freeman v. Brown, supra*, this sale of trust property, a power of the trustee under

the Will, constitutes acceptance of the trust. A question now arises as to whether or not the disposal of the trust property was for a reason other than accepting and discharging the duties of the trustee. The defendant bears the burden of demonstrating this nonacceptance. Furthermore, any question as to whether the defendant breached her duties as trustee is one for the jury. *See Fox v. First National Bank of Gainesville*, 145 Ga.App. 1, 243 S.E.2d 291 (1978).

Accordingly, the defendant is not entitled to summary judgment on Count 2 of the complaint.

## COUNT 3

█ Plaintiffs seek in Count 3 punitive damages and an award of the costs of litigation, including attorney's fees for the defendant's bad faith, stubborn litigiousness, and causing the plaintiffs unnecessary trouble. The defendant takes the position that punitive damages and expenses of litigation are not recoverable under the pleadings of this case.

Going first to the punitive damages question, the defendant cites in support of her position that such damages are not recoverable the case of *Jones v. Spindel*, 239 Ga. 68, 235 S.E.2d 486 (1977). In that case, an action to set aside certain fraudulent conveyances, the plaintiff sought equitable relief and did not make a claim for compensatory damages. The plaintiff also sought punitive damages, under Ga.Code Ann. § 105–2002, and attorney fees. The court held that as the plaintiff sought only equitable relief and not general damages, there was nothing to support an award of punitive damages. The same situation exists in this case. Plaintiffs do not seek compensatory damages, but only equitable relief. Accordingly, an award of punitive damages, under section 105–2002, is without any foundation and cannot be made under the holding in *Jones, supra*.

█ The *Jones* case, however, does support the plaintiffs' prayer for an award of the expenses of litigation. The *Jones* court noted that where the defendant has acted

in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, an award under Ga.Code Ann. § 20–1404 could be made in an equity case. 239 Ga. at 72, 235 S.E.2d 486. The plaintiffs have alleged these circumstances and, if proven at trial, may obtain an award of expenses.

Accordingly, the defendant's motion is GRANTED as to that part of Count 3 seeking punitive damages, but is DENIED on the question of expenses of litigation.

## STATUTE OF LIMITATIONS

A final issue raised by the defendant's motion for summary judgment is whether the plaintiffs' action is barred by the statute of limitations. Defendant contends that under Ga.Code Ann. § 81A–160(f) the plaintiffs are barred from pursuing their action. That section states that "all motions, complaints or other proceedings to set aside or attach judgments shall be brought within three years from entry of the judgment complained of." In this case the year's support award was made in 1971, but the action was not filed until 1981.

Although, at first glance, the complaint appears to be barred, a closer examination reveals that it was timely made. The basis for the action is the alleged fraudulent behavior of the defendant. Ga.Code Ann. § 3–807 provides that where a party has been prevented by reason of fraud from bringing his action, the statute of limitations shall run only from the time of the discovery of the fraud. Plaintiffs contend that they were not aware of the true state of affairs until 1981. Thus, under section 3–807, the three-year limitation did not begin to run until 1981.

Defendant argues that plaintiffs were under an obligation to use reasonable diligence to discover any fraud, and the failure to use such diligence will not toll the running of the statute of limitations. See Warnock v. Warnock, 206 Ga. 548, 57 S.E.2d 571 (1950).

Defendant's statement of the law is generally correct. Under the circumstances of this case, however, this rule is inapplicable. Defendant had a fiduciary relationship with the plaintiffs. By virtue of this relationship, the defendant was under a duty to disclose the extent and nature of the transaction, that is, the application and award of a year's support. Although as executrix notice to her of the application was notice to the estate, as executrix she was under a duty to protect the estate and keep the beneficiaries aware of any problems that arose in connection with the estate. The duty is particularly acute in light of the alleged representation that the estate would be administered in accordance with the Will's terms. If, because of the confidence placed in the defendant, the plaintiffs were prevented from discovering the fraud, the failure to use reasonable diligence is excusable. These circumstances present a mixed question of law and fact to be determined by a jury, the question being whether the defendant's relationship with the plaintiffs was such that they were prevented from discovering the alleged fraud prior to the running of the statute of limitations. Brown v. Brown, 209 Ga. 620, 75 S.E.2d 13 (1953); see Shipman v. Horizon Corp., 245 Ga. 808, 267 S.E.2d 244 (1980). It has also been held that the existence of a fiduciary relationship absolves the beneficiaries from the requirement to anticipate or watch for fraud. Hogg v. Hogg, 206 Ga. 691, 58 S.E.2d 403 (1950). The defendant's motion for summary judgment on this issue fails.

Accordingly, the defendant's motion for summary judgment is DENIED IN PART and GRANTED IN PART. Furthermore, for the reasons discussed in the foregoing order, the plaintiffs' motion for summary judgment is DENIED IN TOTO.