## S02A1474. HARP v. PRYOR.
### (578 SE2d 424)

HINES, Justice.

Douglas Harp appeals from an order on his "Petition for Executor to Distribute Estate Property." For the reasons that follow, we reverse.

Doris Landers Harp died on February 6, 2000. Under her will dated April 12, 1999, the three residual beneficiaries are her sons, Frank J. Pryor III, who is also the executor, Douglas Raymond Harp, and Stephen G. Harp.[1] Section 4.02 of the will states that the residual estate is to be distributed to the residual beneficiaries "in equal shares." The residuary estate consisted of cash and 9,244 shares of stock in a family company, Glenn Harp & Sons, Inc. Section 5.04 of the will authorizes the executor to "make distributions either in cash or in kind" and provides that "[d]istributions in kind may be made at the discretion of my personal representative."

Douglas Harp filed a "Petition for Executor to Distribute Estate Property" on August 20, 2001. As part of his answer, Pryor attached a letter dated August 31, 2001, which set forth Pryor's proposed distribution, under which Douglas Harp would receive 262 shares of common stock, whereas Stephen G. Harp and Pryor would each receive 4,491 shares of stock.[2] At the time of the decedent's death, Douglas Harp owned 4,299 more shares of common stock of Glenn Harp & Sons, Inc., than did his brothers. If the stock was divided equally among the three brothers, Douglas Harp would be the controlling shareholder in the company; under Pryor's proposed distribution, each of the three brothers would hold an equal number of shares. Pryor, to compensate for the disproportionate stock distribution, sent a check payable to Douglas Harp for $21,370.52, which Harp rejected. It is not disputed that Pryor's proposed distribution gives an equal dollar value to each legatee. The probate court found that the distribution proposed by Pryor did not violate the terms of the will, and it is from this order that Douglas Harp appeals.

In support of his authority to make the distribution that he proposed, Pryor points to the will's provision that "[d]istributions in kind may be made at the discretion of [the] personal representative." But that discretion is not unfettered. The applicable statute does not declare the executor to be a fiduciary, but the executor is bound by the "rules generally applicable to fiduciaries to act in the best interests of all persons who are interested in the estate and with due regard for their respective rights." OCGA § 53-7-1 (a). And Douglas

---

[1] Pryor is the son from the testatrix's first marriage; the other two sons are from her second marriage.

[2] Stephen G. Harp is not part of this action.

Harp contends that in manipulating the distribution so that he does not gain control of the family company, Pryor is elevating his own interests over that of Harp, in violation of the duty imposed by OCGA § 53-7-1 (a). We agree.

At this point in the administration of the estate, there are three brothers, each with equal interests and rights in the remainder of the estate. One brother, Stephen Harp, is not part of this dispute, and is presumed to be neutral as to its outcome. Thus, his "best interests" cannot be considered to be served by either of the distributions advocated by his brothers. Therefore, only the two brothers remaining can be considered to have differing interests in the estate. Generally, it is not permitted for a fiduciary to be in a position where his interests might conflict with that of a beneficiary. *Ringer v. Lockhart*, 240 Ga. 82, 84 (239 SE2d 349) (1977). Here, control of the family company is at stake, and Pryor's proposed distribution makes it clear that his interest is inimical to that of Douglas Harp.

In most cases, distributions in kind from different classes of property that result in equal beneficiaries receiving equal value would not show a violation of the executor's duty. But under the peculiar facts of this case, such does.

*Judgment reversed. All the Justices concur, except Sears, P. J., Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

According to the majority, "[i]n most cases, distributions in kind from different classes of property that result in equal beneficiaries receiving equal value would not show a violation of the executor's duty. But under the peculiar facts of this case, such does." Majority opinion, p. 479. I submit that there is nothing "peculiar" about this case and the probate court correctly found that the distribution proposed by the executor did not violate the terms of the testatrix's will.

The executor " 'has the sacred duty of standing in the place of the deceased and administering [her] estate as directed.' [Cit.]" *Ringer v. Lockhart*, 240 Ga. 82, 84 (239 SE2d 349) (1977). Had the testatrix intended that the stock which she owned at her death be divided equally, she could have provided for such an equal distribution by means of a specific bequest of her shares. Instead, the stock is simply a part of her residual estate which she directed be distributed to her beneficiaries "in equal shares." Her will also authorizes the executor to "make distributions either in cash or in kind" and provides that "[d]istributions in kind may be made at the discretion of my personal representative." As the majority concedes, the distribution proposed by the executor results in each beneficiary receiving an equal share of the residual estate. Thus, the probate court's order authorizing that distribution should be affirmed.

The majority concludes that the executor is elevating his own interests over that of Harp, in violation of the duty imposed by OCGA § 53-7-1 (a). Majority opinion, p. 479. However, the executor has the fiduciary duty to administer the estate in accordance with the deceased's directive, and she gave him the discretion to dispose of her residual estate by making distributions in cash or in kind. He does not abuse that discretion by complying with the terms of the will he is charged with administering. The effect of today's opinion is to rewrite the will so as to make the testatrix's shares of stock the subject of a specific bequest and to divest the executor of the discretion which she invested in him. In so holding, the majority violates the well-recognized principle that "courts are without authority to rewrite by construction an unambiguous will since the court can not substitute its will for that of the testator, whether wise or unwise. [Cits.]" *Bedgood v. Thomas*, 220 Ga. 262 (138 SE2d 313) (1964).

I am authorized to state that Presiding Justice Sears and Justice Hunstein join in this opinion.

DECIDED MARCH 24, 2003 —
RECONSIDERATION DENIED APRIL 11, 2003.

*Hughes & Kaplan, Robert E. Hughes, Jr.*, for appellant.
*John C. Tyler*, for appellee.